METROPOLITAN PIPE AND SUPPLY COMPANY *vs.* D'AMORE CONSTRUCTION Co. & another.

Middlesex.    April 8, 1941. — June 24, 1941.

Present: FIELD, C.J., QUA, DOLAN, & COX, JJ.

*Municipal Corporations,* Security for public work.  *Bond,* Public work.

A bond with surety, given by a contractor to a city in connection with a contract for the construction of a school building, and containing provisions in substance that it was made for the use and benefit of all persons who might furnish any materials or perform any labor or rent or hire out any equipment used in the execution of the contract,

and that "they . . . are hereby made obligees hereunder the same as if their . . . names were written herein as such, and they . . . may proceed or sue hereon," was a statutory bond under § 29 of G. L. (Ter. Ed.) c. 149, in the form appearing in St. 1938, c. 361, although there was omitted from its terms the language of the statute relating to lumber not incorporated in the building; and no proceeding thereon could be maintained by a subcontractor who had failed to comply with the statutory requirements as to filing a sworn statement.

CONTRACT. Writ in the Third District Court of Eastern Middlesex dated September 21, 1939.

The case was heard by *Nagle*, J.

*M. Needle*, for the plaintiff.

*E. W. Kenney*, for the defendants, submitted a brief.

COX, J. The trial judge, in the District Court, denied certain requests of the defendants for rulings of law, ruled that the bond on which the action was brought was not a statutory bond under G. L. (Ter. Ed.) c. 149, § 29, and found for the plaintiff. The Appellate Division for the Northern District, however, found that there was prejudicial error, ordered that the finding for the plaintiff be set aside and a finding entered for the "defendant." The plaintiff appealed.

The judge found that the defendant construction company entered into a written contract with the city of Medford, in this Commonwealth, for the construction of a school building, and, on the same date, gave bond to the city, as principal, in which the other defendant is surety. The bond recites the execution of the contract and that a copy is attached, "the terms of which are herein referred to and made a part of this instrument [bond] as if fully set forth herein." A copy of the bond appears in the record, but there is no copy of the contract. The judge further found that the construction company engaged a subcontractor who ordered certain materials from the plaintiff, and his finding for· the latter is for the value of materials unpaid for that were installed "in" the school. The plaintiff did not file a sworn statement of its claim within sixty days after it ceased to furnish materials, "nor did it file a petition to enforce its claim in accordance with" G. L. (Ter. Ed.)

c. 149, § 29. The bond in question, under seal, was signed in behalf of the construction company and also the surety company, who are described as principal and surety, respectively. It runs to the city, and contains a provision, in substance, that it is made for the use and benefit of all persons who may furnish any materials or perform any labor or rent or hire out any equipment used in the execution of the contract, and "they or each of them are hereby made obligees hereunder the same as if their own proper respective names were written herein as such, and they/and/or each of them may proceed or sue hereon."

G. L. (Ter. Ed.) c. 149, § 29, as inserted by St. 1938, c. 361, in force at the time the contract and bond were executed, requires, among other things, that officers or agents who contract in behalf of any city for the construction or repair of public buildings shall obtain sufficient security, by bond or otherwise, for payment by the contractor and subcontractors for labor performed or furnished and materials used or employed in such construction or repair, "including lumber so employed which is not incorporated in the construction or repair work and is not wholly or necessarily consumed or made so worthless as to lose its identity but only to the extent of its purchase price less its fair salvage value . . . ." It is not questioned by anyone that the contract called for the construction of a public building within the meaning of that term as used in the statute. In *Friedman* v. *County of Hampden,* 204 Mass. 494, a contract for the construction of a public work was involved. It contained a provision for the retention by the owner of sums payable under the contract sufficient completely to indemnify it against any lien or claim, for which, if established, the owner of said premises might become liable. At that time, St. 1904, c. 349, the predecessor of said § 29, was in force, and required, as now, that sufficient security "by bond or otherwise," should be obtained for the payment by the contractor and subcontractor for labor and materials used in the construction. No reference appears to have been made to the statute in the contract in that case, and the security appears to have consisted of the right of the

owner to withhold sums for the payment of any liens or claims. But the court said, at page 501: "If in a matter as to which third parties have the right to be secured, the contracting parties, upon each of whom rests a duty, the one to furnish security and the other to see that it is furnished, use language the only sensible interpretation of which, when read in the light of the then existing law, is that it is a provision for such security, they must be bound by that interpretation. The presumption as to the meaning of the language is one not of fact but of law, so far as respects the rights of third parties." And it was held that the provisions of the contract were to be regarded as constituting the security required by said St. 1904, c. 349. In *John J. Bowes Co.* v. *Milton*, 255 Mass. 228, it was said, at page 233, that the bond required by said § 29 to be given by the contractor "is to be considered by implication as a part of the understanding of the parties even if not expressly referred to in the formal contract tendered for the erection of the building."

If the bond in question is a statutory one, so called, it is obvious that the plaintiff cannot recover in this action, *A. L. Smith Iron Works* v. *Maryland Casualty Co.* 275 Mass. 74, 76; *Knowlton* v. *Swampscott*, 280 Mass. 69, 71, nor could it establish any claim under § 29 because of its failure to comply with that section as to filing a sworn statement of claim and filing its petition in court. *T. Shea, Inc.* v. *Springfield*, 252 Mass. 571, 574.

But the plaintiff contends that, although most of the provisions of the bond are similar to those contained in the statute, the language hereinbefore quoted from the statute relative to lumber not incorporated in the building is omitted, and, accordingly, that the bond did not conform to the statute. From what has been said, we think it follows that the parties must be held to have intended that the bond in question was given in compliance with the provisions of said § 29, although it is true that security may be provided "otherwise." See *Hub Steel & Iron Works, Inc.* v. *Dyer*, 283 Mass. 463, 466.

It has been said, correctly as we think, that official and

statutory bonds will not be declared invalid by the court except upon satisfactory grounds, unless a statute that prescribes the conditions and terms of such bonds declares that all bonds not taken pursuant to it shall be void. *Robertson & Govanne Contracting Co.* v. *Aetna Accident & Liability Co.* 91 Conn. 129, 133. No such provision appears in said § 29, and when account is had of the evident intention of the Legislature to provide security for those who would have no lien and no claim against the owner, we should be loath to depart from an observance of this salutary rule. If some condition had been inserted in the bond, not called for by the statute, this would not have vitiated the whole bond unless the inserted matter were illegal, although no breach could be assigned in any part of the condition not included within the statute. *Hall* v. *Cushing,* 9 Pick. 395, 404. But in the case at bar, we have an omission from the bond of that portion of the statute referred to, although, as already pointed out, the plaintiff concedes that most of the provisions of the bond are similar to those contained in the statute.

It so happens that the materials supplied by the plaintiff were actually installed "in" the building so that if it had proceeded under said § 29, it would have been unnecessary for it to rely, in establishing its claim, upon the omitted language.

In *Walsh Holyoke Steam Boiler Works, Inc.* v. *McCue,* 289 Mass. 291, where the bond was given pursuant to G. L. (Ter. Ed.) c. 30, § 39, which contains language substantially the same as that in said § 29, it appeared that the bond in question did not follow the precise language of the statute, and while the point raised in the case at bar was not at issue in that case, it was said that the bond was to be interpreted as carrying out the intention of the parties, and that it was given as a bond required by the statute (page 294).

At the argument, our attention was not called to any case as to the effect of an omission such as in the case at bar, but in *Probate Court for Grand Isle* v. *Strong,* 27 Vt. 202, it was said of a probate bond, at page 205: "It is said the bond is *void,* the conditions not being according to the

requirements of the statute. But we think there<sup>a</sup> is no good foundation for this objection. The conditions do not require anything illegal, or in fact anything which the statute does not authorize, and if they require less, this would be a poor reason why the obligors should not be bound to the extent of the conditions." In *Gibson* v. *Beckham*, 16 Grat. 321, after a review of authorities, it was said of a probate bond, at page 334, that where a mistake is made "by omitting some condition prescribed, or inserting a condition not authorized or illegal, unless the statute by express words or necessary implication makes it wholly void, the bond is not void; the good shall not be vitiated by the bad, and the bond may be sued on so far as the conditions are good as a statutory bond." See *Chambers* v. *Cline*, 60 W. Va. 588, 596–598; *Brockway* v. *Petted*, 79 Mich. 620, 623–625.

We are of opinion that the bond in question is good as one given under the statute, and that it was error for the trial judge to rule that it was not a statutory bond and that it must be treated as a common law bond, and also in refusing to rule, in accordance with the defendants' fourth request, that the plaintiff could not recover because of its failure to comply with said § 29 by filing a sworn statement of claim and filing a petition to enforce its claim. In the circumstances, it is unnecessary to consider any other requests, since a ruling in accordance with the defendants' fourth request would have disposed of the case.

*Order of Appellate Division affirmed.*