THE PHILIP CAREY MANUFACTURING COMPANY *vs.* PEERLESS CASUALTY COMPANY & another.

Suffolk.    May 5, 1953. — June 15, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Public Works.  Bond,* Public work.

Where a housing authority, after the enactment of G. L. (Ter. Ed.) c. 121, § 26V, inserted by St. 1946, c. 574, § 1, contracted for housing construction and obtained the security required by G. L. (Ter. Ed.) c. 149, § 29, as appearing in St. 1938, c. 361, by taking a statutory bond from the contractor, one who had not been paid for labor and materials furnished to a subcontractor in such construction in reliance on such bond had only the remedy for payment afforded him by § 29 and, after having failed to pursue that remedy, could not maintain an action at law on the bond based on additional provisions thereof that it was "also made for the . . . benefit of all persons" furnishing any labor, materials or hired equipment in such construction and that "they . . . are hereby made obligees hereunder the same as if their . . . names were written herein as such, and . . . may proceed or sue hereon."

CONTRACT.  Writ in the Superior Court dated June 11, 1952.

The action was heard by *Leary,* J., upon an auditor's report.

*Irvin M. Davis,* for the plaintiff.

*Daniel Santry,* for the defendants.

SPALDING, J.  This is an action of contract to recover for labor and materials.  The auditor, to whom the case was referred, found these facts.  On June 1, 1950, the defendant Frankini Construction Co. Inc., hereinafter called Frankini, entered into a contract with the Waltham Housing Authority for the construction of a State aided housing project in Waltham.  Pursuant to the terms of the contract Frankini, as principal, and the defendant Peerless Casualty Company, as surety, executed and delivered to the Waltham Housing Authority a "performance and payment bond." Subsequently the plaintiff entered into a contract with the

P. J. Amari Company, a subcontractor of Frankini, to furnish labor and materials for insulating the heating system which the Amari company was installing. The plaintiff furnished the labor and materials called for under its contract with Amari and there is a balance of $1,500 due the plaintiff. The plaintiff knew of the existence of the bond and furnished the labor and materials in reliance upon it. It did not at any time file a sworn statement of its claim. (See G. L. [Ter. Ed.] c. 121, § 26V, as appearing in St. 1946, c. 574, § 1; G. L. [Ter. Ed.] c. 149, § 29, as appearing in St. 1938, c. 361.)

After the filing of the auditor's report none of the parties reserved the right to introduce further evidence and the case was submitted to a judge sitting without a jury. Each side moved for judgment upon the report. The plaintiff's motion was denied and that of the defendants was granted, subject to the plaintiff's exception. The question for decision is whether the plaintiff is barred from recovery by reason of not having filed a sworn statement of its claim.

If this case had arisen prior to the passage of St. 1946, c. 574, § 1, there can be no doubt that the plaintiff could recover on the bond in question, notwithstanding the fact that it did not file a sworn statement of its claim. *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416. The bond in that case was quite similar to that here, and it was held that while it did not take effect as a statutory bond under G. L. (Ter. Ed.) c. 149, § 29, as that section was not applicable to housing authorities, it was nevertheless valid as the basis of a common law obligation, and that all parties who in reliance upon it had furnished material or labor or rented equipment were entitled to its benefits by reason of its peculiar terms.[1] But the situation which existed at the

[1] The bond in that case contained the following: "In addition to the obligations of the undersigned to the New Bedford Housing Authority hereunder this Bond is also made for the use and benefit of all persons, firms and corporations, who may furnish any material or perform any labor for or on account of said contract, or rent or hire out any appliances or equipment used or employed in the execution of said contract, and they and each of them are hereby made obligees hereunder the same as if their own proper respective names were written herein as such, and they and/or each of them may proceed or sue hereon."

time of the *Johnson-Foster* case no longer obtains. By St. 1946, c. 574, § 1, it is provided in the newly inserted § 26V of G. L. (Ter. Ed.) c. 121 that G. L. (Ter. Ed.) c. 149, § 29, "shall be applicable to housing authorities." Section 29 requires that there be sufficient security by bond or otherwise for payment by contractors and subcontractors for labor, materials and hired equipment furnished in the construction and repair of public buildings or other public works undertaken by any county, city or town; but in order to obtain the benefit of such security "the claimant shall file in the office of the county treasurer or of the city or town clerk a sworn statement of his claim within sixty days after the claimant ceases to perform labor or furnish labor, materials, appliances and equipment."

Plainly if the bond under consideration was a statutory bond the plaintiff cannot prevail, for it did not file a notice of its claim in accordance with the provisions just quoted. That the bond here was at least in part a statutory bond cannot be doubted. The bond closely follows the wording of § 29 by providing that it was on the condition that the principal shall live up to the terms of its contract with the Waltham Housing Authority and "shall pay for all labor and materials used or employed in such work including lumber so employed which is not incorporated in the work, and for the rental or hire of vehicles, steam shovels, rollers propelled by steam or other power, concrete mixers, tools and other appliances and equipment employed in such work." The plaintiff does not contend otherwise. Its contention, as we understand it, is in substance this. The bond is not exclusively a statutory obligation, but goes beyond the requirements of the statute, and it is under the nonstatutory provisions of it that the plaintiff's rights to recover may be found. Under these provisions, it is argued, the plaintiff's rights are similar to those of the plaintiffs in *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416, discussed above. Although the plaintiff, because of its failure to file a sworn claim, cannot recover on the bond itself, it may

nevertheless recover on an offer contained in the bond by performing the acts called for in that offer, as did the plaintiffs in the *Johnson-Foster* case. The plaintiff relies especially on the following provision in the bond: "In addition to the obligations of the undersigned to the Waltham Housing Authority hereunder this bond is also made for the use and benefit of all persons, firms and corporations who may furnish any material or perform any labor for or on account of said contract, or rent or hire out any appliances or equipment used or employed in the execution of said contract, and they and each of them are hereby made obligees hereunder the same as if their own . . . names were written herein as such, and they and each of them may proceed or sue hereon."

This contention cannot prevail. The bond here is almost identical with that which was before this court in *Metropolitan Pipe & Supply Co.* v. *D'Amore Construction Co.* 309 Mass. 380. The bond in that case was executed by a general contractor and a surety company in connection with a contract for the construction of a school building in Medford. The plaintiff, a subcontractor, had furnished labor and materials and had not been paid. Having failed to file a sworn statement of its claim within the time prescribed by G. L. (Ter. Ed.) c. 149, § 29, the plaintiff took the position that this omission was not fatal because the bond was not a statutory bond. This court rejected that contention and held that the bond was given under the statute. That case, we think, is controlling here. Indeed the present case, if anything, is stronger than the *Metropolitan* case, because there the bond did not follow the wording of § 29 as closely as the bond here. It follows, therefore, that the plaintiff's rights must be found exclusively in the statute and that this action cannot be maintained.

*Exceptions overruled.*