THE ROBINSON CLAY PRODUCT COMPANY *vs.* BEACON CON-
STRUCTION COMPANY OF MASSACHUSETTS, INC., & another.

Suffolk.    April 8, 1959. — June 15, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Public Works.    Bond,* Public work.

Where a general contractor contracting with the housing authority of a
New Hampshire city for the construction of a housing project gave the
authority a surety bond conditioned on payment by the contractor
and the subcontractors for all labor and materials "in compliance with
the requirements of section 16 of chapter 447 of New Hampshire Re-
vised Statutes Annotated 1955 to furnish security," and providing
that "in case of liabilities not covered by said section 16 . . . but
covered by this bond, then the provisions of this bond shall control"
and that "in addition to the obligations of the undersigned enumer-
ated above, this bond is also made for the use and benefit of all per-
sons, firms, and corporations who may furnish any material or perform
any labor . . . on account of said contract . . . and they and each
of them are hereby made obligees hereunder . . . and . . . may pro-
ceed or sue hereunder," an unpaid materialman who had furnished
materials used on the project but who had not complied with § 17 of
c. 447 by filing a statement of claim within ninety days after ceasing
to furnish the materials or with § 18 of c. 447 by filing a petition to
enforce his claim within one year thereafter in the Superior Court of
New Hampshire might maintain an action of contract on the bond in
Massachusetts upon obtaining jurisdiction over the contractor and the
surety here within the period fixed by the statute of limitations ap-
plicable to such an action.

CONTRACT.    Writ in the Superior Court dated November
12, 1958.

The action was heard by *Kirk,* J., on demurrers.

*Irvin M. Davis,* for the plaintiff.

*Robert J. Sherer,* (*Frederick W. Roche* with him,) for the
defendants.

WILKINS, C.J.    In this action of contract on a "payment
bond on general contractor," the defendants are Beacon
Construction Company of Massachusetts, Inc., the con-

tractor, and Maryland Casualty Company, the surety. The plaintiff furnished to a subcontractor of Beacon material which was used upon the project and not paid for. The defendants' demurrers to the declaration were sustained, and the plaintiff appealed.

The bond was executed and delivered by the defendants on March 12, 1958, in favor of Portsmouth Housing Authority, which on that date had entered into a contract with Beacon for the construction of a housing project in Portsmouth, New Hampshire. The condition, briefly stated so far as material to the plaintiff's claim, is that Beacon and the subcontractors should pay for all labor performed or furnished and for all material used. Other provisions are: "this agreement to make such payment being in compliance with the requirements of section 16 of chapter 447 of New Hampshire Revised Statutes Annotated 1955 to furnish security." "2. That in case of liabilities not covered by said section 16 of chapter 447 as amended but covered by this bond, then the provisions of this bond shall control. 3. In addition to the obligations of the undersigned enumerated above, this bond is also made for the use and benefit of all persons, firms, and corporations who may furnish any material or perform any labor . . . on account of said contract . . . and they and each of them are hereby made obligees hereunder, the same as if their own proper respective names were written herein as such and they and each of them may proceed or sue hereunder . . . ."

The only ground of demurrer argued is that the declaration fails to allege compliance by the plaintiff with §§ 17 and 18 of c. 447 of the Revised Statutes of New Hampshire (1955).

We assume, without deciding, that the housing authority[1]

---

[1] N. H. Rev. Sts. c. 203, § 4. "In each municipality, as herein defined, of the state there is hereby created a public body corporate and politic to be known as the housing authority of the municipality; provided that such authority shall not transact any business or exercise its powers as hereunder until the governing body of the municipality by resolution adopted by majority vote of those present at any regular or special meeting shall have declared that there is need for an authority to function in such municipality. . . ."

is a "political subdivision" of the State within the meaning of N. H. Rev. Sts. c. 447, § 16, and was obliged to obtain "security by bond or otherwise" for payment of contractors and materialmen. Compare *Johnson-Foster Co.* v. *D'Amore Constr. Co.* 314 Mass. 416, 419; *Philip Carey Mfg. Co.* v. *Peerless Cas. Co.* 330 Mass. 319, 320–321.

Chapter 447, § 17, requires the filing of a statement of claim within ninety days after ceasing to furnish materials, and § 18 requires within one year thereafter the filing of a petition in the Superior Court of New Hampshire. In *Petition of Leon Keyser, Inc.* 97 N. H. 404, a bond gave persons having direct contracts with the principal "a direct right of action against the principal and surety." At page 409, the court said, "The effect of the provision for a direct right of action is to give to those in whose favor it runs, the right to enforce their claims by an action at law, if no statute requires otherwise . . . . The statute . . . provides a remedy by notice and petition . . . . But by giving 'a direct right of action,' to persons having contracts directly with the contractor, and by further provision that no such action shall be brought 'after two years from the day on which the final payment under the contract falls due,' the principal and surety have waived the statutory requirements that notice shall be given within ninety days after the claimant ceases to perform labor or furnish material, and that a petition shall be filed within one year . . . . Consequently creditors who come within the condition of the bond may maintain their actions without prior statutory notice."

In the case at bar there is no express provision limiting the time in which the plaintiff "may proceed or sue hereunder," as authorized by paragraph 3 of the bond. The right to "sue hereunder," we think, is not confined to filing a petition within one year in the Superior Court in New Hampshire under § 18, but includes a suit anywhere jurisdiction may be obtained within whatever time is fixed by the pertinent statute of limitations. In the present case, there is not so much a waiver as there is the creation of a right of suit independent of the statute. There is nothing

in the bond or in the statute which confines the exercise of this right to the courts of New Hampshire. The provision in § 18 that the Superior Court in New Hampshire "may require at any hearing on said claims the attendance of any official with whom claims have been filed, with such claims, or require such official to furnish copy of such claims for the use of the court," does not have such an effect. Likewise the express right to sue is not impaired by another provision in the bond as to waiver.[1] On ordinary principles the courts of this Commonwealth have jurisdiction of this action. Beacon is a Massachusetts corporation, and the surety, a Maryland corporation, is subject to suit here. The plaintiff is a Maine corporation.

The bond in addition to meeting the requirements of § 16 also provides security "against all counsel fees paid or incurred by said authority as a result of a breach of any condition of this bond and against all claims and suits for damage to person or property arising from carelessness or want of due care or any acts or omissions on the part of said principal during the performance of said contract . . . ." These provisions are undoubtedly embraced, but not the only ones embraced, in the language of paragraph 2, where there is an attempt to draw some distinction between (a) liabilities covered by § 16 and (b) those not so covered but covered by the bond. Paragraph 2 does not qualify the broad right of suit conferred in paragraph 3. The bond is a valid common law bond as to that as well. In short, the plaintiff is not barred because its action is for materials furnished rather than, for example, for damage to person or property caused by the principal during the performance of the contract. As was said in *Petition of Leon Keyser, Inc.* 97 N. H. 404, 408, "Common law liability is not abolished. . . . While the statute defines the conditions which a bond shall con-

---

[1] "1. That no extension of time or change in, alteration or addition to the terms of this contract, or to the work to be performed thereunder or the specifications accompanying the same shall in any way affect its obligation on this bond and does hereby waive notice of any such extension of time, change, alterations or addition to the terms of the contract or the work or to the specifications."

tain, it does not prohibit the incorporation of additional conditions." Compare, under the current statute of this Commonwealth, *Philip Carey Mfg. Co.* v. *Peerless Cas. Co.* 330 Mass. 319.

The orders sustaining the demurrers are reversed. The demurrers are to be overruled, and the case is remanded for further proceedings in conformity with this opinion.

*So ordered.*