MARINUCCI BROS. & Co. INC. *vs.* SEMPER CONSTRUCTION Co. INC. & another.

Suffolk. December 8, 1961. — March 9, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & SPIEGEL, JJ.

*Public Works. Bond,* Public work.

A general contractor for the construction of a highway for the Commonwealth, who made a subcontract for fill and was the obligee of a surety bond executed by the subcontractor as principal conditioned on the subcontractor's making payment to claimants for labor or material used in performance of the subcontract, giving to claimants the right to sue on the bond in the general contractor's name provided suit was brought within one year after the subcontractor ceased work, and defining "claimant" as one "having a direct contract" with the subcontractor for labor or material, was not entitled to maintain a suit in equity against the subcontractor and the surety to make the bond the primary obligation for payment of claims of persons who had supplied labor and material to the subcontractor and who had seasonably asserted their claims against the statutory security furnished by the general contractor to the Commonwealth under G. L. c. 30, § 39, where it appeared that the general contractor's suit was not commenced until more than one year after the subcontractor ceased work, that none of such claimants was joined as a party in the suit, and that none of them had brought an action on the bond within such year.

BILL IN EQUITY, filed in the Superior Court on December 30, 1959.

The suit was heard by *Wisnioski,* J., on a master's report. The plaintiff appealed from a final decree dismissing the bill.

*James F. Sullivan,* for the plaintiff.

*Samuel H. Cohen,* (*Vincent Galvin* with him,) for the defendant New Amsterdam Casualty Company.

WHITTEMORE, J.   The plaintiff (Marinucci), having under date of May 14, 1957, contracted with the Commonwealth to build a section of the Southeast Expressway, on May 1, 1958, made a subcontract with Semper Construction Co. Inc. (Semper) for Semper's delivery of fill material to the job site in Braintree.  Semper as principal and New Amsterdam Casualty Company (New Amsterdam) as surety gave Marinucci a "Labor and Material Payment Bond" (Semper's bond) conditioned that Semper "make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of . . . [Semper's subcontract]."  The bond defined "claimant . . . as one having a direct contract with . . . [Semper] or with a subcontractor of . . . [Semper] for labor, material, or both . . . ."  The bond gave the claimants the right to sue thereon in Marinucci's name, but the right to sue was conditioned on giving notice within a defined ninety day period to any two of Marinucci, Semper, and New Amsterdam and bringing suit within a year after Semper's cessation of work under the contract.

Semper did not pay several subcontractors.  Seven of these unpaid suppliers filed claims against the statutory bond of May 14, 1957,[1] which Marinucci as principal and Maryland Casualty Company (Maryland) as surety had given the Commonwealth, conditioned on the payment for labor, materials, and other items.  Petitions to enforce claims under this statutory security were filed by six creditors and the seventh intervened in one of the petitions.

Marinucci thereupon brought this bill against Semper

---

[1] G. L. c. 30, § 39.  Repealed by St. 1957, c. 682, § 2.  For the present requirement of "security by bond" in contracts with the Commonwealth, see G. L. c. 149, § 29, as appearing in St. 1957, c. 682, § 1.

and New Amsterdam seeking, in effect, to make Semper's and New Amsterdam's obligations under Semper's bond the primary obligations for the payment of Semper's subcontractors.

The petitions of the seven creditors and this suit were referred to a master. He ruled that six of the creditors were entitled to be paid out of the sums retained by the Commonwealth under its contract with Marinucci[1] as well as under the statutory bond. The master ruled that the seventh creditor was barred because its petition to intervene was filed more than one year after the filing of its sworn claim.

The master ruled that Semper's bond was not a statutory bond but "was an offer . . . to claimants who relied thereon and who should accept the offer by bringing themselves within its terms. . . . See *Johnson-Foster Co.* v. *D'Amore Constr. Co.* 314 Mass. 416." He ruled also that Marinucci was not a claimant and had no standing to sue thereon. In a supplemental report he found that no suit was instituted on Semper's bond by any claimant in his own name, or Marinucci's, within the specified one year period, and that Marinucci did not, within that period, bring such a suit.

The final decree in the Superior Court embodied rulings like those made by the master and dismissed the bill. Marinucci appealed.

There was no error.

Semper's bond was not the statutory bond to which all suppliers within the statutory specifications might turn if unpaid. The statute (G. L. c. 30, § 39; c. 149, § 29) specifies that that bond be given by the general contractor. In support of the contention that Semper's bond was unenforceable by any claimant thereunder who had rights against the statutory security, see *Philip Carey Mfg. Co.* v. *Peerless Cas. Co.* 330 Mass. 319, 321–322. Compare *Johnson-Foster Co.* v. *D'Amore Constr. Co.* 314 Mass. 416, 419, 420. *Robinson Clay Prod. Co.* v. *Beacon Constr. Co. of Mass. Inc.* 339

---

[1] No question is before us of whether the sums retained under the contract were available for payment of creditors as found by the master.

Mass. 406. *Waite Hardware Co.* v. *Ardini & Pfau, Inc.* 339 Mass. 634, 637. We do not reach that issue.

Marinucci was interested in the enforcement of Semper's bond for, otherwise, either through the retained percentage under its contract with the Commonwealth or its obligation as principal on the statutory bond, it would be obliged to pay Semper's creditors, and to the extent that it had not retained a sufficient sum under its contract with Semper it would be out of pocket. See *Hartford Acc. & Indem. Co.* v. *Casassa,* 301 Mass. 246, 255. We need not determine whether or to what extent Marinucci's interest gave it an equitable remedy. Whatever Marinucci's equitable right, it could not operate to increase the obligation of the makers of Semper's bond. Failure to meet the conditions of that bond is decisive. Marinucci's only suit was against New Amsterdam and Semper. It did not join any claimant under Semper's bond as would have been necessary if it sought to require enforcement of claimants' rights thereunder.[1] Furthermore, Marinucci's suit was filed December 30, 1959, and alleged that Semper's last work was on or about September 22, 1958. It is plain, as the master found, that neither any claimant nor Marinucci brought suit within the one year period.

The petitions of the six prevailing claimants to make good their claims against the statutory bond did not meet the conditions of Semper's bond. There is nothing in Marinucci's contention that New Amsterdam "eliminates any defense based on failure . . . to comply with the provisions of . . . [Semper's] bond" by agreeing that each of these six claimants had seasonably filed (1) a sworn claim with the Department of Public Works and (2) its petition in court, and had furnished labor or equipment to Semper.

> *Decree affirmed, with costs of the appeal*
> *to New Amsterdam Casualty Company.*

---

[1] We note the master's finding that one claimant, not included in the group of seven whose claims were referred to the master, did bring an action under Semper's bond and that New Amsterdam settled the claim.