## Industrial Insulation Corporation v. New Hampshire Insurance Company

[457 A.2d 287]

No. 82-130

Present: Billings, Hill, Underwood and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed February 7, 1983

*Matthew I. Katz* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Plaintiff-Appellant.

*Richard A. Pearson* of *Dick, Hackel & Hull,* Rutland, for Defendant-Appellee.

**Hill, J.** Plaintiff, a Vermont corporation and a subcontractor of a mechanical contractor, brought suit against defendant, New Hampshire Insurance Company, on a subcontractor payment bond. The trial court granted summary judgment to defendant, V.R.C.P. 56, and plaintiff filed a timely notice of appeal. We reverse.

The facts, as agreed to by the parties, are as follows. Plaintiff, an insulation subcontractor in the business of providing labor and materials for the insulation of heating, ventilating and air conditioning ducts on large construction projects, performed work and supplied materials in insulating certain portions of a Manchester, New Hampshire, water pollution control project. Pursuant to N.H. Rev. Stat. Ann. § 447:16, the project was bonded by defendant, a corporation licensed to do business in Vermont. The bond covered all contractors and subcontractors, including plaintiff. The project was completed and accepted by the owner on or about April 19, 1976.

The sole issue raised on appeal is whether plaintiff is barred from pursuing its claim on the bond within our courts as a result of its failure to comply with the New Hampshire statutory requirements relating to notice and commencement of actions on bonds mandated by N.H. Rev. Stat. Ann. § 447:16.

Essentially, defendant asserts that plaintiff's failure to comply with New Hampshire's statutory requirements that a statement of claim be filed "within ninety days after the completion and acceptance of the project by the contracting party," N.H. Rev. Stat. Ann. § 447:17, and that "[s]aid claimant shall, within one year after filing such claim, file a petition in the superior court for the county within which the contract shall be principally performed to enforce his claim," N.H. Rev. Stat. Ann. § 447:18, should bar plaintiff's action in our courts. Defendant cites *American Fidelity Co.* v. *Cray*, 105 N.H. 132, 194 A.2d 763 (1963), in support of the proposition that in cases such as this, the above cited New Hampshire statutory provisions are completely controlling. We disagree.

In *American Fidelity Co.* v. *Cray, supra,* a case factually similar to ours save for the fact that the action there was brought within a New Hampshire trial court, the New Hampshire Supreme Court held that since N.H. Rev. Stat. Ann.

§ 447:16 created a statutory right to sue on bonds made pursuant to it, it followed that that right "can only be enforced by the means specified by it." *Id.* at 135, 194 A.2d at 766 (citing *Petition of Leon Keyser, Inc.,* 97 N.H. 404, 409, 89 A.2d 917, 920–21 (1952)). That is, claims made pursuant to such bonds had to comply with the notice and commencement of action requirements of N.H. Rev. Stat. Ann. § 447:16 and § 447:17.

We find *Cray* inapposite to the facts of the present case, for here suit was brought in Vermont, not New Hampshire. In *Robinson Clay Product Co.* v. *Beacon Construction Co. of Massachusetts, Inc.,* 339 Mass. 406, 159 N.E.2d 530 (1959), a case involving a New Hampshire bond virtually identical to the one in the present case, the Massachusetts Supreme Judicial Court refused to bar a similar action brought within a trial court of Massachusetts:

> In the case at bar there is no express provision limiting the time in which plaintiff "may proceed or sue hereunder," as authorized by paragraph 3 of the bond. The right to "sue hereunder," we think, is not confined to filing a petition within one year in the Superior Court in New Hampshire under § 18, but includes a suit anywhere jurisdiction may be obtained within whatever time is fixed by the pertinent statute of limitations. In the present case, there is not so much a waiver as there is the creation of a right of suit independent of the statute. There is nothing in the bond or in the statute which confines the exercise of this right to the courts of New Hampshire.

*Id.* at 408–09, 159 N.E.2d at 532.

■■ The reasoning of *Robinson Clay* is both logical and persuasive. The time limitations contained within the New Hampshire statutes are, in our opinion, procedural limitations applicable to suits in New Hampshire courts. Moreover, there is nothing in the bond or statutes of New Hampshire which restricts plaintiff's right to sue to the courts of New Hampshire. Thus, when suits are commenced in our state, the limitations of our statutes apply.

*The judgment of the trial court rendering summary judgment to defendant is reversed, and the cause is remanded for proceedings consistent with this opinion.*