**MASSACHUSETTS BRICKLAYERS & MASONS TRUST FUNDS,**
Plaintiff,

v.

**NORTH AMERICAN SPECIALTY INSURANCE COMPANY,**
Defendant.

**Civ.A. No. 97–12429–EFH.**

United States District Court,
D. Massachusetts.

Sept. 16, 1998.

Doris R. MacKenzie Ehrens, Murphy, Hesse, Toomey & Lehane, Quincy, MA, for Massachusetts Bricklayers & Masons Trust Funds, plaintiff.

CharCretia DiBartolo, Cetrulo & Capone, Boston, MA, Bradford R. Carver, Cetrulo & Capone Lahey, Boston, MA, for North American Specialty Insurance Company, defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on the parties' Cross Motions for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, The Massachusetts Bricklayers & Masons Trust Funds ("the Funds"), has brought this action against Defendant, North American Specialty Insurance Company ("North American"), to collect from defendant as surety certain fringe benefit contributions arising from work performed by employee members of the Funds. For the reasons stated below, Defendant's Motion for Summary Judgment is granted. Plaintiff's Motion for Summary Judgment is denied.

North American was the surety on three different bonds obtained by Eastern Construction Company, which employed members of the Funds, for three different construction projects. In two of these projects, Eastern was, as a general contractor, re-

quired by Mass.Gen.L. ch. 149, § 29, the Massachusetts public payment bond statute, to obtain the bonds to secure payment of its debts and obligations. In the third project, Eastern was only a subcontractor and therefore not required under the public payment bond statute to obtain a bond, but did so nonetheless. When Eastern failed to make certain fringe benefit contributions as required under a collective bargaining agreement with the employee's union, the Funds sued North American as surety.

In February of 1998, this Court denied Defendant's Motion for Summary Judgment sought on the basis of ERISA preemption, citing Judge O'Toole's unreported decision in *U.S. f/u/b/o Russell F. Sheehan v. Westchester Fire Ins. Co.*, Civil Action No. 95–11386–GAO (D.Mass. March 26, 1996). There, Judge O'Toole held that ERISA did not preempt either claims brought under Mass. Gen.L. ch. 149, § 29A, the Massachusetts *private* bond statute, which does not make explicit reference to fringe benefit contributions, or to claims based on state common law theories of recovery.

Since that time, however, the parties in this case have settled the third claim, on which Eastern was not a general contractor and therefore not required to obtain a bond by Mass.Gen.L. ch. 149, § 29. The only claims which remain, therefore, concern bonds that were required by Mass.Gen.L. ch. 149, § 29. Defendant has again moved for summary judgment, arguing that plaintiff no longer has any viable claim on which it may recover because:

(1) any claims brought on statutory bonds issued pursuant to Mass.Gen.L. ch. 149, § 29 must be brought pursuant to that statute rather than through a common law cause of action as plaintiff has attempted to do here, and any claim brought pursuant to Mass.Gen.L. ch. 149, § 29 is preempted by ERISA under the First Circuit's decision in *Williams v. Ashland Engineering Co., Inc.*, 45 F.3d 588 (1st Cir. 1995), and

(2) Plaintiff has failed to present evidence sufficient to establish common law claims of fraud or unjust enrichment, or a viola-

tion of Mass.Gen.L. ch. 93A, the Massachusetts Consumer Protection Law.

The Court agrees with defendant on each of these points and, accordingly, grants summary judgment in favor of defendant as to all counts pleaded in plaintiff's Complaint.

1. *Plaintiff's Claims for Breach of Contract:*

■ In *Williams,* the United States Court of Appeals for the First Circuit clearly held, and the plaintiff concedes, that ERISA preempts the Massachusetts public payment bond statute, Mass.Gen.L. ch. 149, § 29. The court noted that "state laws which 'specifically refer to ERISA plans and grant them special treatment,' " as Mass.Gen.L. ch. 149, § 29 does, "are preempted regardless of a state legislature's good intentions or a particular law's consistency with ERISA's overall goals." 45 F.3d at 591 (quoting *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 18 (1st Cir.1991)). The only question, therefore, is whether plaintiff can avoid the effect of *Williams* by seeking recovery under a common law breach of contract theory rather than a statutory action brought pursuant to Mass.Gen.L. ch. 149, § 29. The Court rules that plaintiff cannot recover under a common law theory and instead may only recover for claims on the statutory bonds through the statute itself.

The Supreme Judicial Court has held that actions to enforce obligations under a bond issued pursuant to Mass.Gen.L. ch. 149, § 29 must be brought pursuant to that statute. *See Philip Carey Mfg. Co. v. Peerless Cas. Co.,* 330 Mass. 319, 322, 113 N.E.2d 226, 228 (1953). This is true despite the fact that the bond provides obligations that go above and beyond what the statute requires. *See id.* The claims remaining in this case concern only those bonds which were required by and issued pursuant to Mass.Gen.L. ch. 149, § 29 and, accordingly, "plaintiff's rights must be found exclusively in the statute." *Id.See also Metropolitan Pipe & Supply Co. v. D'Amore Const. Co.,* 309 Mass. 380, 385, 35 N.E.2d 211, 213 (1941). Any actions on the statutory bonds in this case must, therefore, be brought pursuant to Mass.Gen.L. ch. 149, § 29, rather than through common law claims such as breach of contract. Unfortu-

**240**

nately for plaintiff, as discussed above, Mass. Gen.L. ch. 149, § 29 is preempted by ERISA to the extent that it concerns employee benefit plans.

2. *Plaintiff's Remaining Claims for Fraud, Unjust Enrichment, and Violation of Mass.Gen.L. ch. 93A:*

Plaintiff argues that, even if the Funds' common law breach of contract claim is preempted because Mass.Gen.L. ch. 149, § 29 provides an exclusive remedy, its remaining claims alleging common law fraud, unjust enrichment and a violation of Mass. Gen.L. ch. 93A, based on North American's failure to pay the benefits sought, should survive because those claims "are not based on North American's liability under the bonds because of Eastern's default but upon North American's own conduct." Those claims of plaintiff which survive the preemption analysis above, however, must nonetheless be dismissed because of a lack of evidentiary support.

 With respect to plaintiff's common law fraud claim, plaintiff has presented no evidence that North American made false statements of material fact to the Funds upon which the Funds relied to their detriment. Plaintiff's claim for unjust enrichment similarly fails. There is simply no evidence that North American was unjustly enriched by the labor that the employee members of the Funds provided to Eastern Construction Company. An unjust enrichment claim by these employees would be more appropriately brought, if at all, against Eastern Construction Company, for whom the employees worked, rather than against North American. Finally, plaintiff's claim under Mass.Gen.L. ch. 93A, based essentially on North American's alleged failure to pay the fringe benefits when it was obligated to do so, also fails and should be dismissed. In refusing to pay the money allegedly owed by Eastern for fringe benefits, North American simply proceeded in accordance with its established le-

gal rights, including its assertion of a defense of ERISA preemption which this Court has herein ruled is valid.

Accordingly, the Court orders that these claims be dismissed.

SO ORDERED.