Hillsborough,
No. 5171.

### NEW ENGLAND METAL CULVERT CO.

*v.*

### WILLIAMS CONSTRUCTION CO. AND GLOBE INDEMNITY CO.

Argued November 5, 1963.
Decided December 30, 1963.

*Upton, Sanders & Upton* (*Mr. John H. Sanders* orally), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* and *Jarlath M. Slattery* and *E. Donald Dufresne* (*Mr. Slattery* orally), for the defendant surety.

DUNCAN, J. The plaintiff seeks to obtain the benefit of a payment and performance bond, upon which the defendant Globe Indemnity Company is surety, with respect to a claim for $5,800, for a 160-foot structural plate culvert used by the defendant contractor in the construction of a highway between Hudson and Windham. The contractor ordered the culvert and certain asphalt-coated corrugated metal pipe by a single order dated January 14, 1961. The culvert was delivered to the project site, in sections, on April 25, 26 and 27, 1961. Delivery of the asphalt-covered pipe was to be "as required," and inquiries made in June and thereafter yielded the information that the contractor was not yet ready for delivery.

By legislation effective August 29, 1961, the provisions of RSA 447:17, requiring that notice of any claim for materials be filed with the state "within ninety days after said claimant ceases to . . . furnish . . . materials," were amended to require such filing "within ninety days after completion and acceptance of the project." Laws 1961, 230:1.

In October, 1961 the plaintiff learned that the contractor was in financial difficulty. On October 27, 1961 the plaintiff filed notice of its claim in the amount of $5,800 with the State Highway Department. Following the contractor's default on the project, the defendant surety completed the construction by hiring George Brox Company. In December 1961 this company placed an order with the plaintiff for the same type of asphalt-coated pipe in the same sizes and quantities previously ordered

by the defendant contractor. The pipe was duly delivered to the project by the plaintiff on December 13 and 15, 1961 and was thereafter paid for by Brox. The project was completed, and accepted by the State in June 1962.

On August 2, 1962 the plaintiff's counsel again filed a statement of its claim with the State Highway Department for the $5,800 due for the structural plate culvert supplied in April 1961. The pending petition to enforce the claim was filed on August 4, 1962.

Having found the foregoing facts, the Superior Court transferred to this court the following questions of law: (1) Is the requirement relative to the time for filing a statement of claim in this case to be determined from RSA 447:17 as amended on August 29, 1961, or from that statute as it was up to the time of that amendment? (2) If that requirement is to be determined from the statute as it was prior to amendment, did the plaintiff comply with that requirement?

The plaintiff contends that it is entitled to the benefit of the bond regardless of whether the applicable section of the statute on notice is the section as it was before (RSA 447:17) or after the amendment of 1961. RSA 447:17 (supp). The defendant surety maintains that the plaintiff's notice of October 27, 1961 was filed too late to comply with the statute before amendment; that a valid defense in bar of the claim vested in the surety after July 27, 1961, following expiration of ninety days after the culvert was furnished to the contractor; and that the statutory amendment of August 29, 1961 cannot constitutionally operate to deprive the surety retroactively of its vested rights. Const., Pt. I, *Art.* 23d; *Woart* v. *Winnick*, 3 N. H. 473; *Rockport* v. *Walden*, 54 N. H. 167.

If the plaintiff on April 27, 1961 ceased to furnish material used in carrying out the contract, within the meaning of the statute in effect on that date, we agree with the defendant's contention that application of the amended statute might be thought to deprive it of a valid defense which had already vested ninety days after April 27, 1961. *American Fidelity Co.* v. *Cray*, 105 N. H. 132; *Cooley* v. *Barten & Wood, Inc.*, 249 F. 2d 912 (1st Cir. 1957). Under such circumstances notice filed under the amended statute would have the effect of depriving the surety of a defense which became absolute before the amendment. See Const., Pt. I, *Art.* 23d, *supra*.

However we do not consider that the plaintiff was required to file its notice by July 27, 1961, as the surety contends. The contract of January 14, 1961 was a single contract although separable or divisible as to deliveries. See 2 Jones on Liens (3d *ed.*) *s.* 1389. The parties to the contract understood, as the Trial Court found, that "delivery of the small pipe probably would not be requested . . . for some time." While delivery of the culvert was completed on April 27, 1961 and a bill or invoice was immediately forwarded to the contractor, the plaintiff continued to keep on hand for later delivery the pipe specified by the balance of the order.

In fact the remaining pipe was furnished to the job on December 13 and 15, 1961 for use in carrying out the contract with the State. See RSA 447:16. Thus the plaintiff did not cease to furnish materials within the meaning of RSA 447:17 until December 15, 1961 and was under no duty to give notice of its claim before the effective date of the statutory amendment. Unlike the situation in *American Fidelity Co.* v. *Cray, supra,* the plaintiff in this case had a single contract for a series of deliveries of specified materials.

On October 27, 1961, when the plaintiff first gave notice of its claim, although more than ninety days had elapsed since delivery of the culvert it had not then ceased to furnish materials, but was bound by its contract to make additional deliveries on request. A notice filed within ninety days of the last delivery on December 15, 1961 would have constituted compliance with the requirements of the statute before amendment, and permitted recourse to the bond for recovery of the price of the culvert delivered in April 1961. *Scholes, Inc.* v. *United States*, 297 F. 2d 337 (10th Cir. 1961); *Noland Company* v. *Allied Contractors, Inc.*, 273 F. 2d 917 (4th Cir. 1959); *United States* v. *Chester Construction Co.*, 104 F. 2d 648 (2d Cir. 1939). See also, *United States* v. *Enderbrock-White Co.*, 275 F. 2d 57 (4th Cir. 1960); Annot. 78 A.L.R. 2d 412.

The plaintiff failed to comply with the literal requirement of the statute before amendment, since notice was filed "before" rather than "within" the period of ninety days after it ceased to furnish materials. RSA 447:17. There is substantial authority for the proposition that a premature filing will satisfy the statutory requirements. With respect to a defense of premature filing it has been tersely stated: "There is nothing in this con-

tention." *Lock Joint Pipe Co.* v. *Commonwealth,* 331 Mass. 346, 353. See also, *Waterbury Lumber & Coal Co.* v. *Coogan,* 73 Conn. 519, 524; *Cary-Lombard Lumber Co.* v. *Fullenwider,* 150 ill. 629.

The facts of this case however are that by the time the plaintiff had ceased on December 15, 1961 to furnish materials for the project, the amendment of RSA 447:17 had become effective. The notice then required was notice "within ninety days after the completion and acceptance of the project" (RSA 447:17 (supp)); and it is not disputed that the notice given by the plaintiff on August 2, 1962 met this requirement.

Prior to the effective date of the amendment, as we have hereinbefore held, the time "within" which the plaintiff was required to give notice under the facts of this case had not arrived. Hence, the amended statute, in effect when such a duty did arise, affected merely procedural matters relating to the remedy rather than substantive rights, and may properly be held controlling. No vested rights of the surety are involved, and application of the amended statute cannot be considered retrospective in the constitutional sense. See *Alden* v. *Kimball,* 104 N. H. 454; *Wallace* v. *Stearns,* 96 N. H. 367; 50 Am. Jur., Statutes, *p.* 505, *s.* 482. Since the notice given by the plaintiff on August 2, 1962 complied with the statute then in effect, the plaintiff became entitled "to obtain the benefit of the bond." RSA 447:17 (supp).

Accordingly we hold in answer to the first question transferred that the statute as amended in 1961, when necessity first arose for the plaintiff to give notice, is controlling. In view of this conclusion the second question requires no answer.

In the interest of expedition, the parties seek determination of the liability of the surety for interest, in the event the plaintiff is entitled to recover. The plaintiff claims interest from April 27, 1961, the date when the price of the culvert was billed to the contractor. The surety contends that its liability for interest should not arise until October 27, 1961, the date of the first notice. We think that the surety's liability is not thus limited, but is coextensive with the liability of the principal on the bond. 50 Am. Jur., Suretyship, *p.* 1046, *s.* 217. While notice was necessary for enforcement of the claim, the surety's undertaking was conditioned upon payment for all materials used, and its liability which attached upon notice was the liability of its principal at that time, including interest. *Veneto* v. *McCloskey &*

*Co.,* 333 Mass. 95; *Commonwealth* v. *Great American Indemnity Co.,* 312 Pa. 183. See *American Fidelity Co.* v. *Barnard,* 104 N. H. 146. The plaintiff is entitled to interest from April 27, 1961.

*Remanded.*

All concurred.