Plymouth District Court
No. 2000-172

WILLIAM AND DEBORAH CROWLEY

v.

SHARON FRAZIER

December 31, 2001

*Egge Law Office*, of Danbury (*William L. Egge* on the brief), and *New Hampshire Legal Assistance*, of Manchester (*Kenneth J. Barnes* on the brief and orally), for the plaintiffs.

*Gabriel Nizetic*, of Plymouth, by brief and orally, for the defendant.

DUGGAN, J. This is an appeal by the defendant, Sharon Frazier (landlord), from a decision by the Plymouth District Court (*Kent,* J.) awarding damages of $8,000 to the plaintiffs, William and Deborah Crowley (tenants), based upon the landlord's violation of RSA chapter 540-A (1997). We reverse.

In December 1999, the tenants filed a "Petition Under RSA 540-A:4" on a form provided by the district court. In a section of the form that states: "I complain that I am in immediate threat of irreparable harm because," the tenants wrote: "My landlord is in violation of the warranty of habitability pursuant to RSA 48-A:14." In a section of the form which states: "I respectfully request these additional final orders," the tenants checked a box next to: "Find that my landlord deprived me of quiet enjoyment of my property." Next to a checked box which states: "Award damages to me in the amount of," the tenants wrote in "$4,950.00." The tenants attached two pages to the petition entitled "Continuation of Petition under RSA 540-A:4." There the tenants set forth "specific facts . . . giving rise to a violation of the warranty of habitability and thereby depriving the Tenants of quiet enjoyment of [leased] property." The tenants alleged in considerable detail rodent infestation, plumbing problems, electrical problems, a residual garbage problem, loose and falling ceiling plaster, leaking roofs and walls, and structural problems. They calculated their damages by estimating a twenty-five percent loss of use of the leased premises and multiplying that by the rent for three years resulting in total damages of $4,950.00.

The district court denied the landlord's motion to dismiss the petition and held an evidentiary hearing. The court subsequently issued an order stating that the tenants had made out a *prima facie* case of a violation of the warranty of habitability. The court also ruled that because "RSA 540-A:4, VII(b) allows for damages for a breach of [the] warranty of habitability or quiet enjoyment, . . . the statute could serve as a basis of an action alleging these violations." The court ruled that "violations of RSA 48-A:14; are incorporated into [RSA chapter 540-A], and [found] that violations of RSA 48-A:14 sections; I, rodents and insect infestation; II, defective plumbing; III, exposed wires; IV[,] roof leaks; V[,] falling plaster; VII[,] unsound structure; and XI, an improperly installed heating device were proven." As for damages the court found: "No actual monetary damages were proven. Thus the Court must rely on the minimum mandatory statutory damages established by RSA 358-A:10." The court ruled that the violations were willful for only a four-day period and assessed damages "at the minimum statutory amount of $2000 per day for four days."

On appeal, the landlord asserts the trial court erred because the tenants failed to prove sufficient facts to constitute a violation of RSA 540-A:2, and therefore they were not entitled to statutory damages under RSA 540-A:4, IX. The tenants argue, however, that the facts, asserted in their petition and later proved at the hearing, support the trial court's conclusion that the landlord willfully breached their right to quiet enjoyment and therefore violated RSA 540-A:2.

The trial court's interpretation of a statute is a question of law, which we review *de novo. Fichtner v. Pittsley*, 146 N.H. 512, 514 (2001). The starting point in any statutory interpretation case is the language of the statute itself. *Kaplan v. Booth Creek Ski Group*, 147 N.H. 202, 204 (2001). Where the language of a particular statutory provision is at issue, "we will focus on the statute as a whole, not on isolated words or phrases." *Snow v. American Morgan Horse Assoc.*, 141 N.H. 467, 471 (1996). "We will not consider what the legislature might have said or add words that the legislature did not include." *Milford Lumber Co. v. RCB Realty*, 147 N.H. 15, 17 (2001) (quotation and brackets omitted).

RSA 540-A:2 provides: "No landlord shall willfully violate a tenant's right to quiet enjoyment of his tenancy or attempt to circumvent lawful procedures for eviction pursuant to RSA 540." The statute does not further define "a tenant's right to quiet enjoyment." The right to or covenant of quiet enjoyment is a common law doctrine that "obligates the landlord to refrain from interferences with the tenant's possession during the tenancy." *Echo Consulting Services v. North Conway Bank*, 140 N.H. 566, 568 (1995). In *Echo Consulting*, we held that a "breach of the covenant of quiet enjoyment occurs when the landlord substantially interferes with the tenant's beneficial use or enjoyment of the premises." *Id.* at 571. Based upon this holding, which extends the covenant of quiet enjoyment beyond mere denial of actual possession, the tenants argue that the decrepit and unsanitary condition of the house interfered with their use and enjoyment of the property as their home, and thus their claim comes within the "right to quiet enjoyment" in RSA 540-A:2.

*Echo Consulting* involved a commercial lease. During the plaintiff's tenancy, the landlord undertook a yearlong project to renovate property adjoining the leased premises. *Echo Consulting*, 140 N.H. at 567. The plaintiff, a business tenant, alleged the renovations caused occasional interruption of electrical service, made a parking lot inaccessible and, due in part to the bank's decision to install new door locks, made the tenant's access to the leased portion of the building "obstructed and difficult at times." *Id.* The tenant argued that the landlord's actions obstructing access deprived it of beneficial use of the premises for its business, and

therefore constituted a breach of the covenant of quiet enjoyment. We noted our agreement with those courts that "have extended the covenant [of quiet enjoyment] beyond mere denial of actual possession" and remanded the case for a determination of whether the landlord substantially interfered with the tenant's beneficial use of the premises. *Id.* at 572-73.

▮ Here, the tenants asserted numerous violations of the statutory minimum housing standards that resulted in unhealthy and hazardous living conditions. Although the trial court specifically found that the tenants proved each of the violations, it denied the tenants' claim of twenty-five percent "loss of use of leased premises," a ruling not challenged on appeal. Therefore the tenants failed to prove any loss which interfered with their use of the leased premises. *Cf. Doe v. New Bedford Housing Authority*, 630 N.E.2d 248, 255 (Mass. 1994) (holding loss of use of sidewalks, streets, parking lots and recreational areas constitutes substantial interference with beneficial use of apartment located in public housing project); *Reste Realty Corporation v. Cooper*, 251 A.2d 268, 274-75 (N.J. 1969) (affirming trial court's finding that regular flooding that made it necessary for business tenant to move meetings to another site constituted breach of covenant of quiet enjoyment). Because the tenants failed to prove that the landlord substantially interfered with their beneficial use of the premises and thereby breached the covenant of quiet enjoyment, they failed to prove a claim under RSA 540-A:2.

The trial court construed the right of quiet enjoyment under RSA 540-A:2 to include much, if not all, of what is included in the implied warranty of habitability. To affirm that ruling would be inconsistent with two other sections of RSA chapter 540-A.

First, RSA 540-A:4, VII(b) expressly authorizes a court to award damages for "violations of RSA 540-A,[or a] breach of the warranty of habitability." The inclusion of both the statutory claims and the implied warranty of habitability in this section suggests that the legislature considered them to be different claims.

Second, RSA 540-A:2 is entitled "General Prohibition." The next section, RSA 540-A:3, is entitled "Certain Specific Acts Prohibited." The specific acts by a landlord prohibited are: (1) willfully interrupting or terminating a tenant's utility service, RSA 540-A:3, I; (2) willfully denying a tenant access to the leased premises, RSA 540-A:3, II; (3) willfully denying a tenant access to the tenant's own property, RSA 540-A:3, III; and (4) willfully entering the tenant's premises without the tenant's consent, RSA 540-A:3, IV.

■ We ordinarily construe a general term in a statute in light of related, specific terms. *See, e.g., In re Justin D.*, 144 N.H. 450, 454 (1999); *see also State v. Wilson*, 140 N.H. 44, 45 (1995) ("General words in a statute that follow specific words . . . are construed to include only items of a similar character to the specific ones mentioned."). In RSA chapter 540-A, the enumeration of certain specific acts prohibited implies that the general prohibition should have a similar scope. The specific acts in RSA 540-A:3 are unlike the allegations in this case and more like the allegations in *Echo Consulting*. None of the specific acts in RSA 540-A:3 suggest that the right to quiet enjoyment under RSA 540-A:2 should be construed to include the tenants' claim in this case.

■ ■ This, of course, does not mean that tenants whose premises are unsafe and unsanitary, and thus unfit for living, do not have a remedy. The implied warranty of habitability protects tenants against structural defects. *Walls v. Oxford Management Co.*, 137 N.H. 653, 661 (1993); *see also Doe*, 630 N.E.2d at 253-54. A defect that renders premises unsafe or unsanitary, and thus unfit for living therein, constitutes a breach of the implied warranty of habitability. *Kline v. Burns*, 111 N.H. 87, 93 (1971). Where, as here, a material or substantial breach of the implied warranty of habitability is found, "the measure of the tenant's damages is the difference between the agreed rent and the fair rental value of the premises as they were during their occupancy by the tenant in the unsafe, unsanitary or unfit condition." *Id.* at 93-94; *see also* RSA 540-A:4, VII(b). In this case, however, the trial court found that there were no monetary damages. Although not mentioned by the district court in its order, the record shows that the tenants had already negotiated a reduction in their rent because of the condition of the premises.

■ Upon finding no monetary damages, the district court resorted to the liquidated damages provision in RSA 540-A:4, IX. Tenants may only be awarded remedies available under this section of the statute, however, when their landlord violates "RSA 540-A:2 or any provision of RSA 540-A:3." RSA 540-A:4, IX. As noted above, the tenants' claim does not constitute a breach of the covenant of quiet enjoyment under RSA 540-A:2, and the tenants did not make a claim under RSA 540-A:3. Therefore, the remedies under RSA 540-A:4, IX are simply not available in this case.

*Reversed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.