Rockingham
No. 2002-265

FASTRACK CRUSHING SERVICES, INC.

v.

ABATEMENT INTERNATIONAL/ADVATEX ASSOCIATES, INC. & a.

Argued: May 14, 2003
Opinion Issued: July 2, 2003

*Hall, Morse, Anderson, Miller & Spinella, P.C.*, of Concord (*Frank P. Spinella, Jr.* on the brief and orally), for the plaintiff.

*Rath, Young and Pignatelli, P. A.*, of Concord (*Brian T. Tucker* on the brief and orally), for the defendants.

DUGGAN, J. The defendants, Abatement International/Advatex Associates, Inc. (Advatex) and the American Guarantee and Liability Insurance Company (AGLIC), appeal an order of the Superior Court (*Abramson*, J.) denying their motion to dismiss the claim of the plaintiff, Fastrack Crushing Services, Inc. (Fastrack), and granting Fastrack's motion for summary judgment. The defendants raise several issues involving Fastrack's claim against a performance bond obtained by Advatex and guaranteed by AGLIC. On the basis of the defendants' first issue, regarding Fastrack's failure to comply with statutory notice procedures, we reverse.

The trial court found the following facts. Advatex is the general contractor for an asbestos abatement and building demolition contract at the Pease International Tradeport, under a contract with the Pease Development Authority (PDA), a political subdivision of the State of New Hampshire. Advatex obtained a bond, with AGLIC acting as surety, guaranteeing payment for all labor, equipment, materials and services used in PDA contracts up to $1,660,000.

Advatex subcontracted much of the building destruction work to New Hampshire Demolition, which in turn subcontracted work involving concrete crushing and removal to Fastrack. Between November 22, 1999, and January 21, 2000, Fastrack performed these services, incurring expenses for labor, equipment, materials, and services amounting to $102,744. Advatex, however, paid Fastrack only $65,200, withholding the balance of $37,544 because of a dispute regarding the duration, method, and manner of Fastrack's performance.

Pursuant to procedures outlined within the bond itself, Fastrack sent a certified notice of its claim to Advatex, AGLIC, and the PDA. Neither Advatex nor AGLIC made or denied payment for any amount due. Accordingly, Fastrack filed a writ in the superior court on August 25, 2000, requesting the amount due, interest, and attorney's fees.

The defendants moved to dismiss, arguing that: (1) Advatex was required to obtain its bond for the PDA project under RSA 447:16 (2002); and (2) Fastrack had failed to comply with the notice procedures required for statutory payment bonds under RSA 447:17 (2002) and RSA 447:18 (2002). The Trial Court (*Coffey*, J.) denied the motion, finding that RSA 12-G:30, II (Supp. 2000) (current version at RSA 12-G:53, II (Supp. 2002)) exempted the PDA from the bond requirement. The court also found that

because Fastrack's claim arose under the terms of the bond and not the statute, a petition in equity was the appropriate form of action in the case. In lieu of dismissal, however, the court granted Fastrack leave to refile its writ as a petition in equity.

After the refiling of the claim, the defendants renewed their motion to dismiss, and the Trial Court (*Abramson*, J.) reconsidered it. This time, the court found that RSA 447:16 required Advatex to obtain the bond, and that Fastrack failed to meet the statutory requirement of filing a notice of the claim with the clerk of the superior court. The court, however, ruled that, despite failing to file a notice of its claim with the clerk of the superior court, Fastrack nevertheless "substantially complied" with the statutory notice requirements. Alternatively, the court found that the notice terms of the defendants' bond, which Fastrack followed, functioned as a waiver of the statutory notice requirements. The court thus denied the defendants' motion for summary judgment. Finding no "genuine issue of material fact in dispute" regarding the amount due, the court granted summary judgment for Fastrack in the amount of $52,276 plus attorney's fees and costs.

On appeal, the defendants challenge both the denial of their motion to dismiss and the granting of Fastrack's motion for summary judgment. We first consider the defendants' motion to dismiss. The defendants argue that Fastrack's petition must be dismissed because it did not comply with the statutory notice procedures of RSA 447:17 and 447:18. Although Fastrack concedes that it did not follow these procedures, it presents three counter-arguments: (1) the statutory notice provisions were inapplicable because the defendants' bond was not required by statute; (2) the bond waived the statutory notice requirements; and (3) Fastrack "substantially complied" with the statutory notice requirements.

The trial court's interpretation of a statute is a question of law, which we review *de novo*. *See Crowley v. Frasier*, 147 N.H. 387, 389 (2001). Likewise, the interpretation of a contract, such as the bond at issue, is ultimately a question of law for this court to decide. *See Appeal of Reid*, 143 N.H. 246, 249 (1998). We consider each argument in turn.

Fastrack first argues that the bond at issue was not required by statute, and therefore the statutory notice requirements are inapplicable. RSA 447:16 states:

> Officers, public boards, agents or other persons who contract in behalf of the state or any political subdivision thereof for the construction, repair or rebuilding of public buildings ... or other public works shall if said contract involves an expenditure of $25,000 ... obtain as a condition precedent to the execution of the

contract, sufficient security, by bond or otherwise, in an amount equal to at least 100 percent of the contract price . . . conditioned upon the payment by the contractors and subcontractors for all labor performed or furnished . . . .

Fastrack relies upon Judge Coffey's original ruling that RSA 12-G:30, II (Supp. 2000) exempted the PDA from this bond requirement. It argues that because Judge Abramson's subsequent ruling stated that it "does not conflict with [Judge Coffey's] prior findings," Judge Coffey's ruling that the bond was not statutory stands as the law of the case. We disagree with this reading of Judge Abramson's order. Judge Abramson's order expressly found that "Advatex was required [under RSA 447:16] to obtain a payment bond securing payment for all labor, equipment, materials, and services it subcontracted for," and that "the payment bond at issue is a statutory payment bond voluntarily issued to comply with the provisions of RSA 447:16." Judge Abramson thus disagreed with and overruled Judge Coffey's prior order. *See Redlon Co. v. Corporation*, 91 N.H. 502, 505 (1941) (superior court has discretion to review its orders at any time prior to final judgment). Although Fastrack asks this court to find that the bond was not a statutory bond, it has presented no argument in its brief explaining why Judge Coffey was correct to rule that RSA 12-G:30, II (Supp. 2000) would exempt the PDA from the bond requirement. As such, we decline to reconsider Judge's Abramson's ruling that the bond was statutorily required. *See Daboul v. Town of Hampton*, 124 N.H. 307, 309 (1983) (issues not briefed are deemed waived).

Fastrack next argues that the terms of the bond itself waived the statutory notice requirements set forth in RSA 447:17 and :18. RSA 447:17 reads:

To obtain the benefit of the bond, any person, firm or corporation having any claim . . . shall, within 90 days after the completion and acceptance of the project by the contracting party, file . . . in the office of the clerk of the superior court for the county within which the contract shall be principally performed, if any political subdivision of the state is a contracting party, a statement of the claim, a copy of which shall forthwith be sent by mail by the office where it is filed to the principal and surety.

RSA 447:18 further stipulates that the claimant "shall, within one year after filing such claim, file a petition in the superior court . . . to enforce his claim . . . with copy to the principal and surety." "Pursuant to general rules of statutory construction, the word 'shall' is a command, which requires

mandatory enforcement." *City of Manchester v. Doucet*, 133 N.H. 680, 683 (1990).

The defendants' bond contained a different procedure for notice, requiring that the claimant provide written notice of its claim to the owner and contractor within ninety days of completion, and notice to the surety, contractor, and owner within thirty days if no response is received for the claim. Significantly, the bond itself did not require any filing with the superior court. Judge Abramson found that compliance with the terms of the bond was sufficient to provide notice because the defendants waived the statutory terms via the inclusion of different terms in the bond.

Fastrack's argument relies upon *Petition of Keyser*, 97 N.H. 404 (1952). *Keyser*, like the present case, involved a statutorily required bond issued by a contractor. *Id.* at 404, 410. At the time, the statute required the claimant to furnish notice to the principal and surety "within ninety days after the claimant ceases to perform labor or furnish material, and that a petition shall be filed within one year." *Id.* at 409. The bond itself, however, provided persons with "direct contacts" to the principal "a direct right of action against the Principal and Surety." *Id.* at 408. The court held that the bond's language created a common-law right of action for the claimant against the principal and surety, and waived the statutory notice procedure to which they would otherwise be entitled. *Id.* at 407, 409. Thus, a claimant with direct contacts could sue the principal and surety without providing any statutory notice. *Id.* at 409.

The present case is distinguishable because of the language of the bond. Paragraph 13 of the defendants' bond contained the following provision:

> When this Bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this Bond conflicting with said statutory or legal requirement shall be deemed deleted herefrom and provisions conforming to such statutory or other legal requirement shall be deemed incorporated herein. The intent is that this Bond shall be construed as a statutory bond and not as a common law bond.

The language anticipates that the bond may be used both in contexts where it is statutorily required, and in contexts where it is not. If used in a non-statutory context, the terms of the bond control. But if, as in this case, the bond is statutorily required, the bond states that any conflict between the terms of the bond and statute are resolved in favor of the statute. The notice terms within the bond, thus, are "deemed deleted" if they conflict with those in the statute.

■ Fastrack argues that the phrase "statutory or legal requirement" in paragraph 13 should only be interpreted to encompass the statutory requirement that the bond be furnished (*i.e.*, RSA 447:16), and not the notice provisions included thereafter. It also argues that no "true conflict" exists between the notice provisions of the bond and statute because it is possible for a claimant to comply with both requirements. Both of these technical arguments, however, ignore the mandate in paragraph 13 that "[t]he intent is that this Bond [when required by statute] shall be construed as a statutory bond and not as a common law bond." Claimants of a statutory bond are subject to the statutory notice procedures of RSA· 447:17 and RSA 447:18. Thus, the language of the defendants' bond, read as a whole, must be construed to include, rather than waive, the statutory notice requirements. *See American Fidelity Co. v. Cray,* 105 N.H. 132, 135 (1963) (statutory notice procedures must be followed by claimant when "no provision in [the] bond . . . could be interpreted . . . to constitute a waiver").

Fastrack finally argues that it substantially complied with the terms of RSA 447:17 and RSA 447:18. Although it failed to file a claim with the superior court, which under the statute would forward that claim to the principal and surety, *see* RSA 447:17, Fastrack argues that it accomplished the same end by providing notice directly to the principal and surety within the statutory deadlines. Indeed, the defendants do not dispute that they received timely actual notice of Fastrack's claim.

Under a former version of RSA 447:17, we held that "[f]ailure to comply with the statutory requirement[] that a statement of claim shall be filed with a designated party . . . is usually held fatal." *American Fidelity Co. v. Cray,* 105 N.H. at 136. In doing so, we expressly rejected the doctrine of substantial compliance. "Our law is well settled that in giving statutory notice the requirements of the statute must be strictly observed." *Id.*

Fastrack points to *New England Culvert Co. v. Williams Construction Co.,* 105 N.H. 235 (1963), as an exception to this rule. In *New England Culvert,* the claimant "failed to comply with the literal requirement of [a former version of RSA 447:17]" by filing its claim with the State before, rather than within, the ninety day period prescribed by law. *Id.* at 238. We held, however, that "[t]here is substantial authority . . . that a premature filing will satisfy the statutory requirements," and refused to dismiss the claim on this basis. *Id.*; *see also Newport v. State,* 115 N.H. 506, 507-08 (1975) ("In the face of actual receipt of notice, the mode of transmission becomes unimportant since the purpose of the statute [providing that notice be sent to the State by means of registered mail] is satisfied."); *United States v. George Hyman Const. Co.,* 131 F.3d 28, 32 (1st Cir. 1997) ("While adherence to the notice requirement is mandatory, courts have allowed some informality in complying with the terms of the Miller Act [a

federal bond requirement analogous to RSA 447:16] regarding the method by which notice must be served.").

Fastrack's reliance on these cases is misplaced for two reasons. First, the discussion of premature filing in *New England Culvert* is dicta, as the court found that the claimant fully complied with the notice provisions of the newly amended RSA 447:17, which the court found to govern the case. *Id.* at 239; *cf. Newport v. State*, 115 N.H. 506 (unclear whether statute providing for notice by registered mail applied to the case). Likewise, the other cases cited by Fastrack involve statutes that, unlike RSA 447:17, are not strictly construed. *See American Fidelity Co.*, 105 N.H. at 136.

Second, whereas the deficiency alleged in *New England Culvert* involved merely a premature delivery of proper notice, here the claimant has failed to file any notice at all with the superior court clerk, the statutorily designated party. *See* RSA 447:17. Premature notice is, if anything, more advantageous to the respondent than notice within the statutory time window. *See Waterbury Lumber & Coal Co. v. Coogan*, 48 A. 204, 205 (Conn. 1901). For this reason, premature notice that is "in form . . . in strict compliance with the statute" is not fatal to the claim, even in cases where the underlying statute must be strictly construed. *See Cary-Lombard Lumber Co. v. Fullenwider*, 37 N.E. 899, 899-90 (Ill. 1894). Aside from this special circumstance, however, we have not countenanced any violations of the letter of RSA 447:17. *See American Fidelity Co.*, 105 N.H. at 134-36 (filing statement of claim with state agency several months after statutory deadline is fatal to a claim under the bond).

■ Fastrack also contends that the actual, direct notice it provided to the principal and surety fulfills the purpose of the statute, which is to provide timely, undisputed notice to the parties. The claimant, however, must follow not just the purpose, but the "plain and unequivocal language" of the statute. *Naum v. Naum*, 101 N.H. 367, 369 (1958). In this case, the legislature has established filing a claim with the superior court as the method of ensuring timely and undisputed notice to the principal and surety. The filing also tolls the claimant's one-year statute of limitation for petitioning the superior court under the bond. *See* RSA 447:18. The fact that Fastrack apparently accomplished this end and complied with the deadlines by other means does not excuse its violation of the statutory mandate. *See Naum*, 101 N.H. at 369 (holding that filing a certified check with the probate court following an appeal failed to substantially comply with a statutory mandate to file a bond, even though the check met the "obvious purpose" of the statute and "for all practical purposes is as good security as any bond"). For this reason, we find that Fastrack failed to meet the mandatory notice requirements of RSA 447:17 and RSA 447:18.

Because we decide the case on this issue, we need not discuss the other issues raised by the defendants in their appeal.

*Reversed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.