Rockingham
No. 2002-629

## MOUNTAIN ENVIRONMENTAL, INC.

v.

## ABATEMENT INTERNATIONAL/ADVATEX ASSOCIATES, INC. & a.

Argued: May 14, 2003
Opinion Issued: July 2, 2003

*Cook & Molan, P.A.*, of Concord (*Frank E. Kenison* on the brief and orally), for the plaintiff.

*Rath, Young and Pignatelli Professional Association*, of Concord (*Brian T. Tucker* on the brief and orally), for the defendants.

DUGGAN, J. The defendants, Abatement International/Advatex Associates, Inc. (Advatex) and the American Guarantee and Liability

Insurance Corp. (AGLIC), appeal orders of the Superior Court (*Abramson*, J.) denying in part their motion to dismiss and granting the motion for summary judgment of the plaintiff, Mountain Environmental, Inc. (Mountain). The defendants raise several issues involving Mountain's claim against a performance bond obtained by Advatex and guaranteed by AGLIC, while Mountain cross-appeals the court's granting in part the defendants' motion for summary judgment. On the basis of Advatex's first issue, regarding Mountain's failure to comply with statutory notice procedures, we reverse.

The background of this case is substantially similar to that of *Fastrack v. Abatement Int'l/Advatex Assocs.*, 149 N.H. 661 (2003), which we also decide today. Advatex is the general contractor for an asbestos abatement and building demolition contract at the Pease International Tradeport, under a contract with the Pease Development Authority (PDA), a political subdivision of the State of New Hampshire. Advatex obtained a bond, with AGLIC acting as surety, guaranteeing payment for all labor, equipment, materials and services used in PDA contracts up to $1,660,000.

Advatex subcontracted many of its duties to New Hampshire Demolition (NHD), which in turn subcontracted much of its asbestos abatement work to Mountain. The subcontract between NHD and Mountain dictated that NHD would pay Mountain $124,800 for its work. Mountain performed its duties, but NHD only paid $41,000 of the contract price.

After failing to collect the balance of $83,800 from NHD, Mountain sought to collect from the defendants under their bond. Pursuant to procedures outlined within the bond itself, Mountain sent a certified notice of its claim to Advatex, AGLIC, NHD and the PDA. Neither Advatex nor AGLIC made or denied payment for any amount due. Accordingly, Mountain filed suit in the superior court on February 5, 2001, requesting damages for the outstanding balance of the contract price. Mountain subsequently amended its suit to include an additional claim for the amount of the judgment that one of Mountain's subcontractors, Fortuna Stone of Maine, had obtained against it.

The defendants moved to dismiss, arguing that because the bond for the PDA project was required under RSA 447:16 (2002), Mountain was obligated to follow the statutory notice procedures for statutory bonds set forth in RSA 447:17 (2002) and RSA 447:18 (2002) — specifically, the requirement that a claimant file a notice with the clerk of the superior court. The court denied the motion in part, finding that (1) Mountain had "substantially complied" with the statutory requirements, and (2) the bond's express terms for notice, in any case, waived the statutory requirements. The court, however, granted the second part of the defendant's motion, dismissing the portion of the claim representing

Fortuna Stone's judgment. In a later order, the court granted summary judgment for Mountain on its claim for $83,800.

On appeal, the defendants challenge the denial in part of their motion to dismiss, and the granting of summary judgment in favor of Mountain, while Mountain cross-appeals the dismissal of the Fortuna Stone claim.

We first consider the issue of notice. The defendants argue that Mountain's claim must be dismissed because it did not comply with the statutory notice procedures of RSA 447:17 and RSA 447:18. Because this case involves the same bond and the same statutes as *Fastrack*, we incorporate the reasoning of that case, and reject the waiver and substantial compliance arguments relied upon by the court below. *See Fastrack*, 149 N.H. at 664—67. We turn, thus, to the alternative grounds for affirmance advanced by Mountain.

Mountain claims that it complied with these statutes because both the superior court and the defendants had "actual notice" of its claim within the statutory deadlines. It also contends that its commencement of suit against the defendants in the superior court on February 5, 2001, was the functional equivalent of filing a claim with the clerk of the superior court as required by RSA 447:17.

The trial court's interpretation of a statute is a question of law, which we review *de novo*. *See Crowley v. Frasier*, 147 N.H. 387, 389 (2001). Likewise, the interpretation of a contract, such as the bond at issue, is ultimately a question of law for this court to decide. *See Appeal of Reid*, 143 N.H. 246, 249 (1998).

■ The "actual notice" argument presented by Mountain is essentially the same as the trial court's "substantial compliance" ruling. As we held in *Fastrack*, the claimant under a statutory bond must do more than provide actual notice to the principal and surety. The claimant must follow the mandate in RSA 447:17 that a claim be filed with the clerk of the superior court. *See Fastrack*, 149 N.H. at 666—67.

Mountain also contends that the commencement of suit in the superior court on February 5, 2001, was the functional equivalent of notifying the clerk of superior court as required under RSA 447:17 and 447:18. The trial court found to the contrary, stating that "petitioner's notice satisfied all of the notice provisions of [RSA 447:17 and :18] *except* for filing an initial notice with the Clerk of this court." (Emphasis added.)

■ We find no error in the court's conclusion that the commencement of suit did not constitute a filing with the superior court clerk under RSA 447:17. The "statement of the claim" required under RSA 447:17 is a distinct instrument from the "petition . . . to enforce [the] claim" required under RSA 447:18. Thus, for example, the statement of claim must be filed

*before* the claimant files the petition in the superior court. *See* RSA 447:18. Indeed, the main purpose of a notice requirement is to provide parties with an opportunity to settle the claim without resorting to litigation. *Cf. Carson v. Maurer*, 120 N.H. 925, 937 (1980). If we were to adopt Mountain's argument, RSA 447:17 would be meaningless with respect to bonds in projects involving political subdivisions of the State, as a claimant could provide "notice" merely by commencing suit in the superior court and serving the parties. *See Comeau v. Vergato*, 149 N.H. 508, 511 (2003) (legislature is presumed not to have used superfluous or redundant words).

For these reasons, we hold that Mountain failed to meet the mandatory notice requirements of RSA 447:17 and RSA 447:18. Because we decide the case on this issue, we need not discuss the other issues raised by the parties in this appeal.

*Reversed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.