Rockingham
No. 2005-132

FASTRACK CRUSHING SERVICES, INC.

v.

ABATEMENT INTERNATIONAL/ADVATEX ASSOCIATES, INC. & a.

Argued: October 19, 2005
Opinion Issued: February 24, 2006

*Hall, Morse, Anderson, Miller & Spinella, P.C.*, of Concord (*Frank P. Spinella, Jr.* on the brief and orally), for the plaintiff.

*Rath, Young and Pignatelli, P.A.*, of Concord (*Brian T. Tucker* on the brief and orally), for the defendants.

BRODERICK, C.J. The defendants, Abatement International/Advatex Associates, Inc. (Advatex), and American Guarantee & Liability Insurance Co. (AGLIC), appeal an order of the Superior Court (*Morrill*, J.) denying their motion to dismiss the claim of the plaintiff, Fastrack Crushing Services, Inc. (Fastrack), and an order of the Superior Court (*McHugh*, J.) in favor of Fastrack on the parties' cross-motions for summary judgment. Fastrack cross-appeals an order from the Superior Court (*Morrill*, J.) denying its motion to reconsider on the issue of attorney's fees and late payment charges. We reverse the trial court's ruling on the defendants' motion to dismiss and therefore do not address the motions for summary judgment or attorney's fees and late payment charges.

The record supports the following facts. Fastrack was a second-tier subcontractor on a public works project for which Advatex was the general contractor. Pursuant to RSA 447:16 (2002), Advatex obtained a payment bond on the project from AGLIC. The project was completed and accepted on June 15, 2000. Within ninety days, Fastrack notified Advatex and AGLIC that it had not been paid what it was owed under its contract with a first-tier subcontractor. Within one year of that notification, it filed suit in the superior court. The defendants moved to dismiss on the grounds that the notice did not comply with RSA 447:17 (2002) (amended 2004, 2005) because it was not filed with the clerk of the superior court. They further argued that, because of the defective notice, the suit was not timely filed within the one-year provision of RSA 447:18 (2002).

Fastrack prevailed on its claims in the superior court, but we reversed on the grounds that, although it had given actual notice to the defendants,

Fastrack failed to comply with the statutory notice requirements of RSA 447:17 and RSA 447:18. *Fastrack Crushing Servs. v. Abatement Int'l/Advatex Assocs.*, 149 N.H. 661, 664-67 (2003). Within ninety days of that decision, but almost three and one-half years after the project's completion and acceptance, Fastrack filed a statement of claim against the bond with the superior court clerk. Shortly thereafter it filed a new petition in the superior court to enforce the claim.

Advatex and AGLIC moved to dismiss the petition on two grounds: (1) Fastrack's filings were untimely under sections 17 and 18 of RSA chapter 447; and (2) the petition itself was deficient as it did not, nor could it, "contain an allegation ... of the facts showing compliance by the claimant with the provisions of" sections 17 and 18. Fastrack conceded that the section 17 notice was filed with the court clerk after the ninety-day time period, but contended that RSA 508:10 (1997) allowed it to file a second action. The superior court agreed and denied the motion to dismiss. This appeal followed.

Although this comes to us as an appeal from a motion to dismiss, we must interpret sections 17 and 18 to determine whether the ninety-day and one-year time periods included in those sections constitute preconditions to filing a claim on a statutory bond. Interpretation of a statute is a question of law that is reviewed *de novo. See Crowley v. Frazier*, 147 N.H. 387, 389 (2001).

We address the ninety-day requirement first. Section 17 states in relevant part:

> To obtain the benefit of the bond, any person, firm or corporation having any claim for labor performed, materials, machinery, tools, or equipment furnished as aforesaid shall, within 90 days after the completion and acceptance of the project by the contracting party, file ... in the office of the clerk of the superior court for the county within which the contract shall be principally performed ... a statement of the claim ....

RSA 447:17. We have previously held that where statutes create claimants' rights, those rights can only be enforced by the means specified in the statutes. *See American Fidelity Co. v. Cray*, 105 N.H. 132, 135 (1963). Our law is well settled that to give proper notice, the requirements of the statute must be strictly observed. *Id.* at 136.

The only situation in which we have allowed a claim to go forward despite a violation of the ninety-day rule was where the statutorily required notice was given before completion and acceptance of the job. *See New Eng. Culvert Co. v. Williams Constr. Co.*, 105 N.H. 235, 238-39 (1963). Fastrack has previously asked us to extend the reasoning of *New England*

*Culvert* to this case, which we declined to do. *Fastrack*, 149 N.H. at 666-67. We stated:

> [W]hereas the deficiency alleged in *New England Culvert* involved merely a premature delivery of proper notice, here [Fastrack] has failed to file any notice at all with the superior court clerk, the statutorily designated party. Premature notice is, if anything, more advantageous to the respondent than notice within the statutory time window. For this reason, premature notice that is "in form . . . in strict compliance with the statute" is not fatal to the claim, even in cases where the underlying statute must be strictly construed. Aside from this special circumstance, however, we have not countenanced any violations of the letter of RSA 447:17.

*Id.* at 667 (citations omitted).

Compliance with time periods such as the ninety-day provision of section 17 are generally considered conditions precedent to the right to maintain a suit against statutory bonds. *See* 17 AM. JUR. 2D *Contractors' Bonds* § 113 (2004). Such a rule has been adopted by federal courts interpreting similar provisions passed by Congress. *See, e.g., United States, Etc. v. J. F. White Contracting*, 649 F.2d 29, 31 (1st Cir. 1981) (construing Miller Act, 40 U.S.C. § 270b (1970)); *American Build & Contract Supply v. Bradley Const.*, 960 F. Supp. 145, 147 (N.D. Ill. 1997) (same).

■ In light of the foregoing, we now hold that giving notice within the ninety-day time period as required by RSA 447:17 is a condition precedent to any claim against the bond. Accordingly, except where a petitioner files its notice before a job's completion and acceptance, no cause of action against a bond's principal or surety will arise until the claimant complies with the notice requirements of that section. This construction reflects the policy behind these types of statutes, permitting

> the prime contractor, after waiting ninety days, safely to pay his subcontractors without fear of additional liability to sub-subcontractors or materialmen. The notice provision thus prevents both double payments by prime contractors and the alternative of interminable delay in settlements between contractors and subcontractors.

*J. W. Bateson Co. v. Board of Trustees*, 434 U.S. 586, 590 n.4 (1978) (citation and quotations omitted); *see also* 5 S.G.M. STEIN, CONSTRUCTION LAW ¶ 17.03 [10] [e] (May 2004) ("These statutes are, typically, intended to protect prime contractors by allowing them to exercise retainage rights on

payments due and owing to subcontractors to ensure the prime contractor has some way to safeguard itself.").

Fastrack makes various arguments why RSA 508:10 should allow its claim to go forward. That section sets forth the requirements in order to file a second suit:

> If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment.

RSA 508:10.

First, Fastrack relies upon *Roberts v. General Motors Corp.*, 140 N.H. 723 (1996). In that case, a plaintiff had filed various claims against a corporation. The trial court subsequently ruled against the plaintiff on summary judgment motions relating to some of his claims. At the trial court's urging, the plaintiff entered a voluntary non-suit on his remaining claims while he appealed the motion for summary judgment. Within one year of the non-suit the plaintiff filed a new writ, thus reinstating his remaining claims. *Roberts*, 140 N.H. at 724-25. In allowing the plaintiff to again file his claims we stated:

> Essentially, RSA 508:10 serves to permit an action to be brought after the general limitation has run ... where a prior action, seasonably brought, should be dismissed for reasons not barring the right of action or determining it upon its merits. The test of RSA 508:10 is whether the right of action is, or is not, barred by the first judgment.

*Id.* at 725 (quotation omitted). Because the plaintiff's original action was seasonably brought, we held that he was the kind of "diligent suitor" RSA 508:10 was designed to protect. *Id.* at 726.

■ Fastrack argues that it, like the plaintiff in *Roberts*, is a diligent suitor. But as we stated in *Roberts*, "the diligent suitor whom the saving statute seeks to protect ... is the plaintiff who has not slept on his rights." *Roberts*, 140 N.H. at 726 (quotation omitted). Because Fastrack did not meet the ninety-day requirement of RSA 447:17, Fastrack failed to assert its rights and thus lost its chance to make claims upon the bond. Having done so, it is not the diligent suitor RSA 508:10 was intended to protect, and the trial court erred by not dismissing Fastrack's claim.

■ Fastrack next argues that it never had a meaningful opportunity to amend its writ in timely fashion because *Fastrack* was not decided until after the ninety-day period had expired, and because our decision in that

case was not on the merits of its claim. What Fastrack fails to recognize, however, is that the reason for dismissal of its claim in that case was not a defect in the writ, but rather in the substance of its claim. "The statute benefits suitors who are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them with a cause of action, yet undetermined." *Roberts*, 140 N.H. at 725 (quotation omitted). A second action will be precluded where the amended complaint fails to cure the deficiency. *ERG, Inc. v. Barnes*, 137 N.H. 186, 189 (1993). Having never given proper notice under RSA 447:17, Fastrack failed to meet a condition precedent and therefore was left with no cause of action for which its writ could be amended. Adopting Fastrack's reading of RSA 508:10 for claims arising out of RSA 447:17 would vitiate the policy behind the statute protecting general contractors.

Finally, Fastrack argues that there is an alternative basis for affirmance in that the bond at issue is in fact a common law bond by virtue of RSA 12-G:30, II (2003). Fastrack made this argument when this case was before us previously. *Fastrack*, 149 N.H. at 663-64. We did not decide that issue, having held that Fastrack waived the argument by failing to present arguments in its brief explaining why RSA 12-G:30, II applied. *Id.* at 664. The doctrine of res judicata precludes Fastrack from raising this argument again now. *See Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. 270, 273 (1987).

Because we hold that Fastrack failed to meet the requirements of RSA 447:17, we need not address the defendants' arguments that Fastrack also failed to meet the requirements of RSA 447:18.

*Reversed.*

DALIANIS, DUGGAN and GALWAY, JJ., concurred.