# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0316, <u>Steven Breton v. J&C Properties, LLC</u>, the court on February 28, 2025, issued the following order:**

The plaintiff's motion to add to the record is denied. On appeal, we consider only issues raised in the trial court. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(3). The plaintiff, Steven Breton (tenant), appeals the order of the Circuit Court (<u>Walch</u>, J.), following a hearing, awarding him $1,000 in damages for breach of the covenant of quiet enjoyment by the defendant, J&C Properties, LLC (landlord). We construe his brief to argue that he was entitled to additional damages for the landlord's alleged breach of the implied warranty of habitability. We affirm.

The tenant filed a petition pursuant to RSA 540-A:4 (2021) alleging that the landlord violated his right to quiet enjoyment by allowing excessive levels of cigarette smoke and other noxious odors to permeate his leased premises. The parties met with a mediator and entered an agreement pursuant to which the tenant agreed to dismiss this action once the landlord installed new flooring and an extractor in the bathroom. One month later, apparently dissatisfied with the landlord's remedial measures, the tenant moved for an award of damages.

RSA 540-A:2 (2021) provides that no landlord shall willfully violate a tenant's right to quiet enjoyment of his tenancy. A breach of the covenant of quiet enjoyment occurs when the landlord substantially interferes with the tenant's beneficial use or enjoyment of the premises. <u>Crowley v. Frazier</u>, 147 N.H. 387, 389 (2001). A landlord who violates a tenant's right to quiet enjoyment is subject to the civil remedies set forth in RSA 358-A:10 for the initial violation. RSA 540-A:4, IX(a). Under RSA 358-A:10, I (2022), a person may recover the amount of actual damages or $1,000, whichever is greater.

The trial court found that the landlord, by failing to effectively address the odor problem, violated the tenant's right to quiet enjoyment. The court also found that the tenant's written damage estimates for cleaning his personal

belongings to be less than $1,000.  Accordingly, pursuant to RSA 358-A:10, I, the court awarded judgment for the plaintiff in the amount of $1,000.

On appeal, the tenant argues that he is entitled to additional damages, including an abatement of rent, for the landlord's breach of the implied warranty of habitability.  A tenant who proves a breach of the implied warranty of habitability may recover as damages the difference between the agreed rent and the fair rental value of the premises as they existed during the tenant's occupancy.  Crowley, 147 N.H. at 391.  In this case, however, the tenant concedes that, in the trial court, he did not allege that the landlord breached the implied warranty of habitability.  He seeks to add this claim on appeal.  On appeal, we consider only issues raised in the trial court.  Bean, 151 N.H. at 250.  Accordingly, we find no error in the trial court's damage award.

To the extent that the tenant in his brief seeks to raise other issues, we conclude that his arguments are undeveloped and warrant no further consideration.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2