## MARTIN FIREPROOFING CORPORATION *vs.* AETNA INSURANCE COMPANY.

Norfolk. November 6, 1963. — December 2, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Public Works. Bond,* Public work.

A statutory security bond furnished by the general contractor on a public works construction project pursuant to G. L. c. 149, § 29, was enforceable solely as such a bond by an unpaid subcontractor who had performed a portion of the general contractor's work on the project, and could not be enforced by the subcontractor where he had failed to file a

sworn statement of his claim as required by § 29 and sought enforcement by an action at law against the surety on the bond, notwithstanding provisions of the bond purporting to give him the right to "sue on . . . [the] bond for . . . [his] use . . . [and] prosecute the suit to final judgment . . . and have execution" for the amount due him.

CONTRACT. Writ in the Superior Court dated November 27, 1962.

• The plaintiff appealed from an order by *Bolster, J.,* sustaining a demurrer to the declaration.

*Charles E. Gennert* for the plaintiff.

*John E. Lecomte* for the defendant.

SPALDING, J. The plaintiff's declaration in substance alleged the following: On September 13, 1961, the plaintiff entered into a contract in writing with Frank W. Tomasello Co., Inc. (hereinafter called Tomasello), which was the general contractor for the construction of a district court building in Stoughton. In connection with this contract Tomasello executed a "labor and material payment bond" as principal with the defendant as surety in the penal sum of $368,270 for the benefit of the plaintiff, among others, to secure payment for all labor and materials used on the project. The obligation of the bond was to make payment to all claimants who, as stated in the bond, included "one having a direct contract with the Principal" for labor, material or both used in the performance of the general contract. The bond further provided that a claimant unpaid for ninety days after completion of its work ". . . may sue on this bond for the use of such claimant, prosecute the suit to·final judgment for such sum or sums as may be justly due claimant and have execution thereon." The plaintiff in reliance on the bond entered into a contract with Tomasello to perform a portion of Tomasello's contract for the sum of $5,795 and on or before January 20, 1962, it had fully completed the work under the subcontract. Since the plaintiff received no payment from Tomasello with respect to the contract, the defendant, it is alleged, owes the plaintiff the sum of $5,795.

The defendant demurred to the declaration on the

ground, among others, that the "bond referred to in the plaintiff's declaration . . . was issued to secure the requirements of . . . [G. L. c. 149, § 29] and the plaintiff has failed to allege that it has filed a sworn statement as required by the said statute." The demurrer was sustained and the plaintiff appealed. Since, in our view, the demurrer was rightly sustained on the ground quoted above there is no need to discuss other grounds.

The plaintiff concedes that the bond was a statutory payment bond contemplated by G. L. c. 149, § 29. Thus the question for decision is whether the plaintiff is entitled to enforce it as a common law bond by reason of provisions contained in the bond which go beyond the statute. If the bond must be enforceable solely as a statutory bond, then the plaintiff's failure to bring itself within the terms of the statute is fatal to this action. Section 29 provides that to obtain the benefit of the bond the claimant shall file with the county treasurer, in the case, as here, of a contract with a county, "a sworn statement of his claim prior to the expiration of ninety days after the claimant ceases to perform labor or furnish labor, materials, appliances and equipment . . . for which claim is made . . . ." The statute also requires that the claim shall be enforced by a "petition in equity." Neither of these requirements was satisfied.

The plaintiff concedes that the requirements of the statute were not met and seeks to sustain its right to recover on the ground that the bond contained provisions which would enable it to recover at common law. The plaintiff relies heavily on the case of *Johnson-Foster Co.* v. *D'Amore Constr. Co.* 314 Mass. 416. But that case is readily distinguishable. There it was held that a bond which was not a statutory bond under § 29, since that section was not then applicable to housing authorities, could be enforced as a common law bond. The case at bar is governed by *Philip Carey Mfg. Co.* v. *Peerless Cas. Co.* 330 Mass. 319. Although the bond in that case was not exclusively a statutory bond and contained provisions not required by the statute, it was a bond to which the statute applied and the statute

was held to be controlling. In other words, the bond was enforceable solely as a statutory bond. To the same effect is *Metropolitan Pipe & Supply Co.* v. *D'Amore Constr. Co.* 309 Mass. 380. This plaintiff also has rights under this bond only as it complies with the statute.

*Order sustaining demurrer affirmed.*