**FISHER SKYLIGHTS, INC.,**
Plaintiff–Appellant,

v.

**CFC CONSTRUCTION LIMITED PARTNERSHIP, Defendant,**

**National Union Fire Insurance Company of Pittsburgh, PA, Defendant–Appellee.**

No. 914, Docket 95–7468.

United States Court of Appeals,
Second Circuit.

Argued Feb. 5, 1996.

Decided March 14, 1996.

Thomas M. Murtha, Maher and Murtha, Bridgeport, CT, of counsel, for Plaintiff–Appellant.

Susan S. Chambers, Carmody & Torrance, New Haven, CT (Richard C. Robinson, Sorokin, Sorokin, Gross, Hyde & Williams, Hartford, CT, of counsel), for Defendant–Appellee.

Before: OAKES, McLAUGHLIN and JACOBS, Circuit Judges.

PER CURIAM:

Fisher Skylights, Inc. ("Fisher"), appeals from an order of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*), granting summary judgment for National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and dismissing Fisher's complaint against National Union. We affirm.

## BACKGROUND

The town of New Haven hired CFC Construction Limited Partnership ("CFC"), a general contractor, to perform work on its town hall. CFC, in turn, hired Fisher as a subcontractor to install skylights on the project. CFC's obligations to its subcontractors were backed by a payment and performance bond issued by CFC's surety, National Union.

CFC was contractually obligated to pay Fisher $304,900.00 for Fisher's work. CFC paid all but $52,962.00 of this amount. To protect its rights under the bond, Fisher notified National Union of the deficiency, and demanded payment. National Union responded that it was "unable to ascertain from the material supplied [by Fisher] ... whether the work ... performed is covered" under the bond. Fisher sent a second demand for payment to National Union, to which National Union did not reply.

Fisher sued CFC in the United States District Court for the District of Connecticut (Jose A. Cabranes, *Judge*), seeking the unpaid amount plus interest, costs, and attorneys' fees; it later joined National Union as a defendant. Fisher moved for summary judgment against CFC only. The district court granted that motion, entering judgment against CFC for $82,981.68. We affirmed that judgment in an unpublished order. *See Fisher Skylights v. CFC Constr. Ltd.,* 23 F.3d 398 (2d Cir.1994).

After our affirmance of the judgment against CFC, Fisher moved for summary judgment against National Union. National Union cross-moved for summary judgment, asserting that Fisher's claim was time-barred under Conn. Gen.Stat. § 49–42(b). The district court (Robert N. Chatigny, *Judge*) denied Fisher's motion, and granted summary judgment for National Union. Fisher now appeals.

## DISCUSSION

Fisher argues that: (1) because National Union failed to give Fisher specific notice of its refusal of Fisher's claim against the bond within ninety days, as required by Conn. Gen.Stat. § 49–42(a), the one-year limitations period of § 49–42(b) did not begin to run against Fisher; and (2) in any event, National Union should be estopped from relying on the one-year limitations period.

### I. *Limitations Period*

Fisher contends that, because National Union failed to specifically notify Fisher that any part of its claim would be denied within ninety days, as required by § 49–

42(a), the one-year limitations period of § 49–42(b) did not begin to run. We disagree.

Section 49–42(a) sets time limits on claims against sureties. A construction company that has not been fully paid for its work must send a notice of claim to the surety within 180 days from the day that payment is due, work is completed, or materials are supplied. Conn. Gen.Stat. § 49–42(a). The surety has ninety days after receipt of the notice of claim either to pay the construction company in full or "serve a notice on the claimant denying liability" for the claim. *Id.* The section also provides:

> If the surety denies liability on the claim, or any portion thereof, *the claimant may bring action* upon the payment bond in the superior court for such sums and prosecute the action to final execution and judgment.

*Id.* (emphasis added). Section 49–42(b) sets a one-year limit for such an action:

> [No] suit instituted under this section … may be commenced after the expiration of one year after the applicable payment date [, or] … after the date [all] materials were supplied or [all] work was performed.

Conn. Gen.Stat. § 49–42(b).

Fisher argues that, under the "plain" language of § 49–42(a), a construction company cannot sue a surety *until* the surety sends the company an actual denial of liability: "[i]f the surety denies liability …, [then] the claimant may" sue. According to Fisher, this means that, if the surety takes no action, then the claimant *cannot* sue. Under Fisher's interpretation of the statute, the one-year limitations period does not begin to run until the surety has responded to a notice of claim, and rejected it.

The crucial language of § 49–42(a) was added by amendment in 1987. Before then, § 49–42(a) had provided simply that construction companies not paid within ninety days of furnishing all material or completing their work "has the right to sue on [a] pay-

ment bond." *See* Conn. Gen.Stat. Ann. § 49–42 ("Historical and Statutory Notes") (West 1995). No Connecticut appellate court since 1987 has explained how to interpret § 49–42(b) in light of the new version of § 49–42(a).[1]

Fisher's "plain language" approach to § 49–42(a) has a facial appeal since the clause authorizing a "claimant" to "bring action upon the payment bond" appears grammatically conditioned on a prior action by the surety. But Fisher's interpretation of the *entire statute* creates two absurd results and therefore cannot be right.

First, if a construction company has no right to sue until the surety actually responds to the notice of claim, then the surety could insulate itself from litigation by ignoring the notice of claim forever. The Legislature could not have intended a provision that was meant to place restrictions on sureties to open an escape hatch that would allow sureties to avoid lawsuits altogether.

Second, Fisher's interpretation would allow the limitations period to be tolled indefinitely, since as long as the surety failed to respond, it would remain liable for the construction company's claim. Fisher's interpretation thus potentially nullifies the one-year limitation in § 49–42(b), a result almost certainly not intended by the Legislature when it amended § 49–42(a).

■ Despite the "if/then" nature of the sentence authorizing lawsuits against sureties, construction companies need not wait for an actual denial of liability before they can sue under § 49–42(a); and they must comply with the one-year limitations period by treating silence as a denial of the claim. This interpretation of the statute seems to be the only way to implement the policy behind the limitations period: to provide repose to sureties one year after the payment date has passed, work has been completed, or all materials have been delivered. Whatever may be the remedy for a surety's failure to give

---

1. In an unreported opinion, a Connecticut trial court concluded that, because the Legislature did not also amend § 49–42(b), the new version of § 49–42(a) did not change the unequivocal nature of the statute of limitations. *See Major Mach. Corp. v. Woodland Brokers, Ltd.*, No. CV–92–0509408S, 1992 WL 201453, at \*1 (Conn.Super.Ct. Aug. 6, 1992) ("The legislature could have amended section 49–42(b) to provide that the one year limitation period would begin to run when the surety filed a declination notice. It did not do so.").

proper notice within ninety days, it does *not* postpone the running of the one-year limitations period.

In this case, therefore, § 49–42(b)'s one-year limitations period began to run on the day Fisher completed work on the project, even if National Union failed to comply with § 49–42(a)'s ninety-day declination notice period. Because Fisher first filed suit more than sixteen months after the date work was completed, and joined National Union as a defendant almost twenty-five months after the date work was completed, its claim against National Union was time-barred.

## II. *Estoppel*

 Fisher also argues that, even if the one-year limitations period began to run on the date work was completed, National Union should be estopped from asserting the limitations period because of its failure to comply with § 49–42(a). Again, we disagree.

 Section 49–42(b)'s one-year "time for suit" provision is a "jurisdictional requirement." *American Masons' Supply Co. v. F.W. Brown Co.*, 174 Conn. 219, 384 A.2d 378, 381 (1978). As such, a timely suit is an absolute "condition precedent to maintaining an action under that section." *Id.* This substantive requirement cannot be avoided by waiver or estoppel. *See Ecker v. Town of W. Hartford*, 205 Conn. 219, 530 A.2d 1056, 1062–63 (1987); *L.G. DeFelice & Son, Inc. v. Town of Wethersfield*, 167 Conn. 509, 356 A.2d 144, 146 (1975); *see also Long Island Radio Co. v. NLRB*, 841 F.2d 474, 478 (2d Cir.1988).

Fisher's failure to bring suit within one year of completing work on the project precludes its claim, and estoppel cannot cure this failure. The district court therefore properly dismissed the suit. *See National Equip. Rental, Ltd. v. Reagin*, 338 F.2d 759, 762 (2d Cir.1964) (a "federal court sitting in a diversity case should assume no more and no less jurisdiction than a state court would if the latter were presiding over the same matter").

## CONCLUSION

We have considered all of the additional arguments raised by Fisher, and find them unavailing. Accordingly, the decision of the district court is AFFIRMED.