**Nancy DENNY and Robert Denny, Plaintiffs–Appellees,**

v.

**FORD MOTOR COMPANY, Defendant–Appellant.**

No. 1671, Docket 93–7815.

United States Court of Appeals, Second Circuit.

Argued April 27, 1994.

Decided March 19, 1996.

John H. Beisner, O'Melveny & Myers, Washington, DC (Brian D. Boyle; Brian P. Crosby, Gibson, McAskill & Crosby, Buffalo, New York, of counsel), for Defendant–Appellant.

Paul McAloon, New York City (John Scarzafava, Oneonta, New York; Russell L. Cook, Jr., Cook & Butler, Houston, Texas, of counsel), for Plaintiffs–Appellees.

Before: VAN GRAAFEILAND and WINTER, Circuit Judges, and MISHLER, District Judge.\*

PER CURIAM:

In an earlier decision, we certified questions of law to the New York Court of Appeals pursuant to Art. VI, § 3(b)(9) of the New York Constitution, after resolving certain federal procedural issues. *See Denny v. Ford Motor Co.*, 42 F.3d 106 (2d Cir.1994). The New York Court of Appeals has answered the questions, *Denny v. Ford Motor Co.*, 87 N.Y.2d 248, 639 N.Y.S.2d 250, 662

N.E.2d 730 (1995), leaving open the issue of whether the jury's verdicts are reconcilable under Federal Rule of Civil Procedure 59(a). *Id.*, 639 N.Y.S.2d at 259, 662 N.E.2d at 736. Familiarity with our earlier opinion and with the recent decision of the New York Court of Appeals is assumed.

Until the New York Court of Appeals' decision was rendered, Ford's staunch position has been that strict products liability and breach of implied warranty claims are identical under New York law and that the jury's verdicts for Ford on a strict products liability theory and for Denny on a breach of implied warranty theory were, therefore, inconsistent verdicts calling either for judgment in its favor or for a new trial. By letter brief, Ford continues to argue that the verdicts are inconsistent under Federal Rule of Civil Procedure 59(a), notwithstanding the New York Court of Appeals decision that the two claims involve different elements and that the breach of warranty claim is not subsumed within the strict products liability claim.

In reality, however, the substance of Ford's argument has little to do with the consistency of the verdicts. What Ford seeks is an opportunity to retry the case so that it can ask for instructions differentiating the two claims in a new trial. We see no reason to allow Ford to do so. Although the New York Court of Appeals' decision clarifies New York law in major respects, it adopts no theories that could not have been found in caselaw or in pertinent literature. Ford could have requested instructions that were consistent with the New York Court of Appeals' clarifications but did not do so. Having tried the case on the theory chosen, Ford is not entitled to retry it on new theories. The judgment is, therefore, affirmed.

In light of the delay in this case, we direct issuance of the mandate forthwith.

---

\* The Honorable Jacob A. Mishler, United States District Judge for the Eastern District of New York, sitting by designation.