# PARADIGM CONTRACT MANAGEMENT COMPANY *v.*
## ST. PAUL FIRE AND MARINE
## INSURANCE COMPANY
## (SC 18301)

Norcott, Katz, Palmer, Vertefeuille and McLachlan, Js.

Argued April 20—officially released October 6, 2009

*John-Henry M. Steele*, for the appellant (plaintiff).

*Ernest J. Mattei*, with whom was *Jason S. Weathers*, for the appellee (defendant).

*Opinion*

McLACHLAN, J. This case presents the narrow issue of whether any claim that may be asserted against a labor and material payment bond required by General

Statutes (Rev. to 1995) § 49-41[1] must be asserted within the time limit provided in General Statutes (Rev. to 1995) § 49-42 (b).[2] The plaintiff, Paradigm Contract Man-

[1] General Statutes (Rev. to 1995) § 49-41 (a) provides in relevant part: "Each contract exceeding twenty-five thousand dollars in amount for the construction, alteration or repair of any public building or public work of the state or any subdivision thereof shall include a provision that the person to perform the contract shall furnish to the state or the subdivision on or before the award date, a bond in the amount of the contract which shall be binding upon the award of the contract to that person, with a surety or sureties satisfactory to the officer awarding the contract, for the protection of persons supplying labor or materials in the prosecution of the work provided for in the contract for the use of each such person . . . . Any such bond furnished shall have as principal the name of the person awarded the contract." Hereinafter, all references in this opinion to § 49-41 are to the revision of 1995 unless otherwise indicated.

[2] General Statutes (Rev. to 1995) § 49-42 provides in relevant part: "(a) Any person who performed work or supplied materials for which a requisition was submitted to, or for which an estimate was prepared by, the awarding authority and who does not receive full payment for such work or materials within sixty days of the applicable payment date provided for in subsection (a) of section 49-41a, or any person who supplied materials or performed subcontracting work not included on a requisition or estimate who has not received full payment for such materials or work within sixty days after the date such materials were supplied or such work was performed, may enforce his right to payment under the bond by serving a notice of claim on the surety that issued the bond and a copy of such notice to the contractor named as principal in the bond within one hundred eighty days of the applicable payment date provided for in subsection (a) of section 49-41a, or, in the case of a person supplying materials or performing subcontracting work not included on a requisition or estimate, within one hundred eighty days after the date such materials were supplied or such work was performed. . . . Within ninety days after service of the notice of claim, the surety shall make payment under the bond and satisfy the claim, or any portion of the claim which is not subject to a good faith dispute, and shall serve a notice on the claimant denying liability for any unpaid portion of the claim. . . . If the surety denies liability on the claim, or any portion thereof, the claimant may bring action upon the payment bond in the superior court for such sums and prosecute the action to final execution and judgment. . . . The court judgment may award reasonable attorneys fees to either party if upon reviewing the entire record, it appears that either the original claim, the surety's denial of liability, or the defense interposed to the claim is without substantial basis in fact or law. . . .

"(b) Every suit instituted under this section shall be brought in the name of the person suing, in the superior court for the judicial district where the contract was to be performed, irrespective of the amount in controversy in the suit, but no such suit may be commenced after the expiration of one year after the applicable payment date provided for in subsection (a) of

agement Company, brought this action against the defendant, St. Paul Fire and Marine Insurance Company, seeking to enforce, pursuant to § 49-41, a labor and material payment bond that the defendant had executed in connection with a municipal construction project. The defendant filed a motion to dismiss the action on the ground that it was barred by the statute of limitations set forth in § 49-42 (b). The trial court granted the motion to dismiss. The plaintiff appeals[3] from the judgment of the trial court, claiming that § 49-42 (b) does not apply to this action because the plaintiff had not brought the action pursuant to § 49-42 but, rather, had brought a common-law action on the bond, and the parties had entered into a tolling agreement whereby they had agreed to extend the statute of limitations. We affirm the judgment of the trial court.

The record reveals the following facts, the truth of which we assume for purposes of the issue raised in this appeal. See *Thomas* v. *West Haven*, 249 Conn. 385, 392, 734 A.2d 535 (1999) ("[i]n evaluating a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor" [internal quotation marks omitted]), cert. denied, 528 U.S. 117, 120 S. Ct. 1239, 146 L. Ed. 2d 99 (2000). On April 1, 1997, the defendant, as surety, and Metcalf and Eddy, Inc. (Metcalf), as general contractor and principal, executed a labor and material payment bond as required by § 49-

section 49-41a, or, in the case of a person supplying materials or performing subcontracting work not included on a requisition or estimate, no such suit may be commenced after the expiration of one year after the date such materials were supplied or such work was performed. . . ." Hereinafter, all references in this opinion to § 49-42 are to the revision of 1995 unless otherwise indicated.

[3] The plaintiff appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

41 in the amount of $8.9 million in favor of the city of Danbury (city) in connection with a construction contract for the closure of the city's municipal landfill (project). Under the terms of the bond, Metcalf and the defendant bound themselves to make payments promptly to all claimants furnishing labor and materials to the project.[4] The bond provided in relevant part that "[n]o suit or action shall be commenced hereunder by any claimant . . . [a]fter the expiration of one . . . year following the date on which [Metcalf] ceased work on said [c]ontract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law. . . ."

The plaintiff was a subcontractor of Poole and Kent-New England, Inc., which, in turn, was a subcontractor of Metcalf on the project. In 1999, the plaintiff brought a timely action against the defendant alleging that the plaintiff had provided labor and materials for the project for which it had not been paid and seeking payment from the defendant under the bond. Thereafter, the plaintiff and the defendant entered into a written tolling agreement, with an effective date of April 19, 2002, pursuant to which the plaintiff agreed to withdraw the action on the bond and the defendant agreed to waive any statute of limitations defenses that might arise after the effective date of the agreement.[5] The defendant agreed that this waiver would remain in effect for a

---

[4] The bond defined "claimant" as, in relevant part, "one having a direct contract with [Metcalf] or with a sub-contractor of [Metcalf] for labor, material, or both, used or reasonably required for use in the performance of the contract . . . ."

[5] The tolling agreement provided in relevant part that "[the defendant] hereby waives, and is estopped from asserting, any and all defenses or bars based upon any statute of limitations, or based on any theory premised on laches or delay . . . ."

period of one year after the effective date of the agreement.

On February 26, 2003, the plaintiff brought another action seeking payment under the bond. Thereafter, the defendant filed a motion to dismiss the plaintiff's complaint on the ground that it was barred by the time limitation set forth in § 49-42. The trial court, *Adams, J.*, denied the motion to dismiss. The defendant then filed a second amended answer in which it claimed as an affirmative defense that the plaintiff's action was time barred under § 49-42. The defendant also raised a counterclaim for attorney's fees pursuant to § 49-42, claiming that the plaintiff's action was without substantial basis in law or fact. The plaintiff filed a motion to dismiss the counterclaim on the ground that it was time barred under § 49-42. The defendant then filed a second motion to dismiss the plaintiff's complaint on the ground that it was time barred under § 49-42.

The trial court, *Jennings, J.*, granted the defendant's motion to dismiss the complaint on the ground that the plaintiff had commenced the action more than one year after the date that it last had performed work on the project[6] and the action was, therefore, time barred under § 49-42. The court rejected the plaintiff's claim that, because the plaintiff had not brought an action pursuant to § 49-42 but, instead, had brought a common-law action on the bond, the time limitation in § 49-42 did not apply to the action. The court concluded that there is no common-law right to sue on a bond issued pursuant to § 49-41. With respect to the plaintiff's motion to dismiss the defendant's counterclaim, the trial court concluded that it need not decide the question of whether the counterclaim was time barred, as the plaintiff had claimed, because, in light of the court's dismissal of the plaintiff's complaint on timeliness

---

[6] The plaintiff has never disputed this fact.

grounds, the court would be unable to determine whether the complaint was "without substantial basis in fact or law." General Statutes (Rev. to 1995) § 49-42 (a). Accordingly, the court concluded that the counterclaim was "in a state of procedural mootness" and dismissed the counterclaim on this alternate ground. This appeal followed. See footnote 3 of this opinion.

The plaintiff claims that the trial court[7] improperly granted the defendant's motion to dismiss its complaint on the grounds that the complaint was time barred under § 49-42 because the plaintiff had not brought its action pursuant to that statute, but instead had brought a common-law action on the bond.[8] We conclude that the trial court properly granted the motion to dismiss.

"The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *State* v. *Marsh & McLennan Cos.*, 286 Conn. 454, 463–64, 944 A.2d 315 (2008).

General Statutes (Rev. to 1995) § 49-42 (b) provides in relevant part: "Every suit instituted under this section shall be brought in the name of the person suing . . .

---

[7] Henceforth, all references in this opinion to the trial court are to Judge Jennings unless otherwise indicated.

[8] The plaintiff also challenges certain language in the decision by the trial court, *Adams, J.*, denying the defendant's earlier motion for summary judgment. Specifically, the plaintiff claims that the trial court improperly held that the plaintiff could recover only for labor and materials that it had provided to the project. In addition, the plaintiff claims that the trial court, *Jennings, J.*, should have granted its motion to dismiss the defendant's counterclaim on the ground that it was time barred under § 49-42. Because we conclude that the trial court, *Jennings, J.*, properly dismissed the plaintiff's complaint, and because the defendant does not challenge that court's dismissal of its counterclaim as moot, we need not reach these claims.

but no such suit may be commenced after the expiration of one year after . . . the date such materials were supplied or any work was performed." This court previously has concluded that "the General Assembly intended . . . §§ 49-41 and 49-42 to operate in general conformity with the federal statute, popularly known as the Miller Act (40 U.S.C. §§ 270a–270e) . . . . The provision of § 49-42 . . . [that] sets forth the time limitation within which suit must be commenced under the statute, therefore, is not to be treated as an ordinary statute of limitation, but as a jurisdictional requirement establishing a condition precedent to maintaining an action under that section." (Citations omitted.) *American Masons' Supply Co.* v. *F. W. Brown Co.*, 174 Conn. 219, 223–24, 384 A.2d 378 (1978).

It is well settled that, in an action brought pursuant to § 49-42, "the time fixed for bringing the action is a limitation of the liability itself, and not of the remedy alone." Id., 224;[9] see also *Okee Industries, Inc.* v. *National Grange Mutual Ins. Co.*, 225 Conn. 367, 373, 623 A.2d 483 (1993) ("[w]e have relied on the rule of strict construction when the issue was whether the claimant's notice complied with the specific time requirements of [§ 49-42]"); *Okee Industries, Inc.* v. *National Grange Mutual Ins. Co.*, supra, 374 ("[t]he federal precedents, like our own, counsel liberal construction of statutory requirements *other than those relating to specific time constraints*" [emphasis added]). Because compliance with the limitations period set forth in § 49-42 is a jurisdictional requirement, "a timely suit is an absolute condition precedent

---

[9] In *American Masons' Supply Co.* v. *F. W. Brown Co.*, supra, 174 Conn. 224, this court stated that, "*where a statute gives a right of action which did not exist at common law*, the time fixed for bringing the action is a limitation of the liability itself, and not of the remedy alone." (Emphasis added.) In that case, there was no claim that the plaintiff had brought a common-law action on the bond and we did not address the question of whether such an action could be brought.

to maintaining an action under that section. . . . This substantive requirement cannot be avoided by waiver or estoppel." (Citation omitted; internal quotation marks omitted.) *Fisher Skylights, Inc.* v. *CFC Construction Ltd. Partnership,* 79 F.3d 9, 12 (2d Cir. 1996); see also *Hayes* v. *Beresford,* 184 Conn. 558, 562, 440 A.2d 224 (1981) ("[i]t is hornbook law that the parties cannot confer subject matter jurisdiction on a court by consent, waiver, silence or agreement").

This court also has held that, when a bond has been furnished pursuant to § 49-41 "as a condition precedent to the execution of the construction contract . . . [t]he bond and the statute . . . are to be construed together, and the language of the bond is to be interpreted in the light of the statute and with a view to effectuating the legislative intent manifested therein." (Internal quotation marks omitted.) *American Masons' Supply Co.* v. *F. W. Brown Co.,* supra, 174 Conn. 225; see also *New Britain Lumber Co.* v. *American Surety Co.,* 113 Conn. 1, 5–6, 154 A. 147 (1931) ("Where a statutory bond is given, the provisions of the statute will be read into the bond. . . . If the law has made the instrument necessary, the parties are deemed to have had the law in contemplation when the contract was executed." [Citations omitted; internal quotation marks omitted.]).

The plaintiff in the present case concedes that, under these principles, it is barred from bringing an action against the defendant pursuant to § 49-42. It claims, however, that it did not bring this action pursuant to § 49-42 but, instead, brought a common-law contract action on the bond.[10] In support of its claim that it

---

[10] In its memorandum of decision, the trial court stated that "[t]he plaintiff has conceded [that] . . . [the statute of limitations in § 49-42 is] a 'jurisdictional bar that cannot be waived.' What the plaintiff now claims, however, is that the bond modification it attributes to the tolling agreement does more than just extend the one year limitation period, but also removes the cause of action entirely from the statutory scheme and transforms the claim into a common-law cause of action not governed by § 49-42 (b)."

was entitled to bring such an action, the plaintiff relies primarily on this court's decision in *Herbert S. Newman & Partners, P.C.* v. *CFC Construction Ltd. Partnership*, 236 Conn. 750, 674 A.2d 1313 (1996). In that case, the defendants, a general contractor and a surety company, had executed a surety bond pursuant to § 49-41, under which they "bound themselves to make payments promptly to all claimants supplying labor, services or materials for" a public works project owned by the city of New Haven. Id., 753. Thereafter, the plaintiff, which had entered into a contract with the general contractor for the provision of architectural services, commenced an action against the defendants on the bond for payment of services that it had provided under the contract. Id., 753–54. The defendants claimed that the plaintiff was barred from recovering under the bond because the plaintiff had not distinguished between services that it had rendered at the job site, which came under the "persons supplying labor or materials" provision of § 49-41, and services it had rendered away from the job site, which the defendants claimed were not covered under the bond. Id., 754–55. The trial court held that the defendants were liable to the plaintiff for all of the services that the plaintiff had rendered for which it had not been paid, and the defendants appealed from the judgment. Id.

On appeal, the defendants claimed that "a payment bond executed pursuant to § 49-41 cannot establish broader protection than that required by the statute." Id., 755. This court concluded that the language of the statute,[11] the remedial purpose of the statute and federal precedent all supported the conclusion that "con-

---

[11] Specifically, we observed that (Rev. to 1991) § 49-41 (b) provides that " '[n]othing in this section or sections 49-41a to 49-43, inclusive, shall be construed to limit the authority of any contracting officer to require a performance bond or other security *in addition to the bond herein referred to* . . . .' " (Emphasis in original.) *Herbert S. Newman & Partners, P.C.* v. *CFC Construction Ltd. Partnership*, supra, 236 Conn. 756.

tracting parties who execute a payment bond pursuant to § 49-41 have the authority to expand coverage beyond that required by the statute." Id., 758. Because the bond issued by the defendants had allowed recovery for services provided by a claimant, regardless of where the services had been rendered, we concluded that the plaintiff was entitled to recover under the bond. Id.

In the present case, the plaintiff contends that our decision in *Herbert S. Newman & Partners, P.C.*, stands for the general proposition that a surety who executes a payment bond pursuant to § 49-41 is not prohibited from agreeing to a more generous provision than those provided under § 49-42 and that an action upon such a bond is not governed by § 49-42. It is clear, however, that the plaintiff's complaint in *Herbert S. Newman & Partners, P.C.*, was brought pursuant to § 49-42, and was not a common-law action on the bond. See id., 766 (addressing defendants' claim that plaintiff had not brought action on bond within time period allowed by § 49-42). Thus, the case merely stands for the proposition that § 49-41 does not prohibit a general contractor from providing more protection to claimants than is required by that statute. Nothing in the case suggests that § 49-42 does not govern an action on such a bond or that, contrary to the cases holding that the time limitation of § 49-42 is jurisdictional, the parties are not prohibited from waiving that provision.[12] Accordingly, we reject the plaintiff's claim that *Herbert S. Newman & Partners, P.C.*, supports its claim that a claimant may bring a common-law action on a bond issued pursuant to § 49-41.

The plaintiff also relies on a number of Superior Court decisions to support its claim that it was entitled to bring a common-law action on the bond. See *Wolverine*

---

[12] Indeed, as we have indicated, the plaintiff concedes that, if § 49-42 applies, its time limitation cannot be waived.

*Fire Protection Co.* v. *Tougher Industries, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV 01-0805554-S (June 20, 2001); *Northeast Waste Systems, Inc.* v. *Connecticut Abatement Technologies, Inc.*, Superior Court, judicial district of New Haven, Docket No. CV 98-0419724-S (June 2, 2000); *Ten Hoeve Bros., Inc.* v. *Hartford*, Superior Court, judicial district of Hartford, Docket No. CV 93-0704020-S (May 13, 1996). We are not persuaded. In *Wolverine Fire Protection Co.* v. *Tougher Industries, Inc.*, supra, Superior Court, Docket No. CV 01-0805554-S, the court concluded that an action brought pursuant to § 49-42 is not the exclusive remedy against a surety that has provided a bond on a public works project, and the claimant was entitled to bring claims that the surety had breached the implied covenant of good faith and fair dealing and had engaged in unfair trade practices. In reaching this determination, the court relied on the remedial purpose of the statutory scheme. In *Northeast Waste Systems, Inc.* v. *Connecticut Abatement Technologies, Inc.*, supra, Superior Court, Docket No. CV 98-0419724-S, the court held that, under this court's decision in *Herbert S. Newman & Partners, P.C.* v. *CFC Construction Ltd. Partnership*, supra, 236 Conn. 758–59, the parties to a statutory bond could extend protection to fourth tier subcontractors, even though they were not required to do so by statute. *Ten Hoeve Bros., Inc.* v. *Hartford*, supra, Superior Court, Docket No. CV 93-0704020-S, merely stands for the proposition that a subcontractor may bring an action for an equitable lien against a *municipality* for amounts due from the general contractor when the municipality has created a special fund for payment of the general contractor. The court in that case reasoned that, in creating a remedial statute, the legislature could not have intended to deprive a party of common-law remedies that had existed before the statute was enacted. Id. In none of these cases did the court hold

that § 49-42 was not the exclusive remedy with respect to an action against a surety on a bond executed pursuant to § 49-41.

We conclude, therefore, that the plaintiff was not entitled to bring a common-law action on the bond. It would be absurd to conclude that, although the provisions of the statutory scheme will be read into a bond issued pursuant to § 49-41; see *New Britain Lumber Co.* v. *American Surety Co.*, supra, 113 Conn. 5–6; and parties cannot waive the time limitations set forth in § 49-42 by agreement; see *Fisher Skylights, Inc.* v. *CFC Construction Ltd. Partnership*, supra, 79 F.3d 12; the parties nevertheless can remove themselves entirely from the statutory scheme by entering into such an agreement. If that were the case, the rule that parties cannot waive the limitations provision of § 49-42 by agreement would apply only when the parties have not waived the provision by agreement. In addition, we see no reason why, if the limitations provision may be waived by agreement, it may not be waived by a defendant's failure to raise it as a defense, a result that also would be inconsistent with our case law holding that compliance with the provision is a jurisdictional prerequisite. See *American Masons' Supply Co.* v. *F. W. Brown Co.*, supra, 174 Conn. 224. Accordingly, we conclude that, when a surety has executed a bond pursuant to § 49-41, any action on the bond is governed by § 49-42.[13] We conclude, therefore, that the trial court

[13] Other courts also have reached this conclusion. See *Midasco, Inc.* v. *M.E. Hunter & Associates*, United States District Court, Docket No. 2:05cv508, 2006 U.S. Dist. LEXIS 9363, *8 (E.D. Va. February 22, 2006) (under Massachusetts, Georgia and Virginia law, bond issued pursuant to statutes governing bonds on public works construction projects "does not create a common law right of action that allows the plaintiff to avoid the statutory limitations period"); *United States Fidelity & Guaranty Co.* v. *Tafel Electric Co.*, 262 Ky. 792, 798, 91 S.W.2d 42 (1935) (statutory limitations period for action against bond could not be changed by terms of bond); *Martin Fireproofing Corp.* v. *Aetna Ins. Co.*, 346 Mass. 498, 500–501, 194 N.E.2d 101 (1963) (same); *Joseph F. Hughes & Co.* v. *George H. Robinson Corp.*, 211 Va. 4, 6–7, 175 S.E.2d 413 (1970) (same); but see *Petition of Leon Keyser*,

properly dismissed the plaintiff's complaint as barred by the limitations period of § 49-42.

The judgment is affirmed.

In this opinion the other justices concurred.

*Inc.*, 97 N.H. 404, 408–409, 89 A.2d 917 (1952) (bond provision allowing for longer limitations period for action on bond than that provided by statute constituted waiver of statutory limitations period); *National Surety Corp.* v. *Fischer Steel Corp.*, 213 Tenn. 396, 406, 374 S.W.2d 372 (1964) (same).